STATE OF NORTH CAROLINA v. JOHNNY J. JONES, SR.

No. 823SC376

(Filed 16 November 1982)

1. **Criminal Law § 138— Fair Sentencing Act—element of crime as aggravating circumstance—improper aggravating circumstance**

    In imposing a sentence on defendant for attempting to burn a dwelling in violation of G.S. 14-67, the trial court improperly relied upon the same evidence to establish an element of the crime and an aggravating factor in violation of G.S. 15A-1340.4 where the court found as an aggravating factor that the residence was "the usual and customary dwelling house" of the owners. Furthermore, the trial court erred in finding as an aggravating factor that the owners were not at home when the crime was committed, since the fact that the residence was unoccupied at the time of the crime should be considered a mitigating factor.

2. **Criminal Law § 138— Fair Sentencing Act—element of dismissed charge as aggravating factor**

    In imposing a sentence on defendant upon his plea of no contest to a charge of attempted burning of a dwelling in exchange for the State's dismissal of an arson charge against him, the trial court properly considered the fact that the house "was actually partially burned" as an aggravating factor, although such fact was an element of the original arson charge.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 18 November 1981, in Superior Court, CARTERET County. Heard in the Court of Appeals 18 October 1982.

Defendant was indicted on 19 October 1981 for the felonious burning of the inhabited dwelling house of Mr. and Mrs. Buddy Letchworth in Morehead City, a crime under G.S. 14-58. After

State v. Jones

waiver of indictment, defendant agreed to be tried on an information alleging that he attempted to burn the dwelling house of the Letchworths, in violation of G.S. 14-67.

The State's evidence showed that a fire was discovered on the Letchworths' front porch near the front door on 22 July 1981. The front door area was charred.

Defendant, a next door neighbor of the Letchworths, was standing across the street from the house when the fire was discovered. His clothes smelled of a flammable liquid and a recent burn hole was found in his coat. State Bureau of Investigation laboratory results indicated that a mineral spirit similar to that which was the fire accelerant was found on defendant's coat.

Defendant entered a plea of no contest to the attempt charge in exchange for the State dismissing the arson charge. The trial court accepted his plea.

At the sentencing hearing, both sides presented evidence. In mitigation, defendant showed that he suffers from a form of epilepsy which can cause blackouts and erratic behavior. Following brain surgery in 1980 for an aneurysm, his personality and behavior changed drastically. The evidence showed that prior to the surgery, he had a good reputation among his employers in the community.

The State offered and defendant stipulated to a prior conviction for two counts of misdemeanor breaking and entering for which he received an active sentence. Those misdemeanors consisted of him walking into the Letchworth home uninvited and naked.

The State asked that the court find that the aggravating factors outweighed the mitigating ones and impose a six year term. The defense asked for the presumptive sentence of three years, but in no case, more than four or five years.

The trial judge found the following aggravating factors:

[1.] Defendant had a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement . . .

[2.] The residence which was the subject of the burning was the usual and customary dwelling house of Mr. and Mrs. Buddy Letchworth.

[3.] They were not at home at the time of the alleged burning.

[4.] The house was actually partially burned.

He found two mitigating factors:

[1.] The defendant was suffering from a mental or physical condition which was insufficient to constitute a defense but significantly reduced the culpability for the offense. . . .

[2.] From and after neurosurgery for a cerebral aneurysm in February, 1980, the personality of the defendant substantially changed.

Concluding that the aggravating factors outweighed the mitigating ones, the trial judge sentenced defendant to the maximum of ten years. The defendant appealed to this Court.

*Attorney General Edmisten, by Special Deputy Attorney General David S. Crump, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first attacks his sentence on the ground that the trial judge relied upon the same evidence to prove a fact in aggravation which was necessary to prove an element of the offense in violation of G.S. 15A-1340.4. We agree.

The offense that defendant pled no contest to was attempting to burn an uninhabited dwelling in violation of G.S. 14-67. Thus, that the structure was uninhabited and was a dwelling when defendant tried to burn it were two elements of the offense.

Aggravating factors listed by the court included that the residence was "the usual and customary dwelling house" of the Letchworths and that they were not home at the time of the alleged burning.

When the case was heard, the prosecutor alleged that the house was the Letchworths, and that it was unoccupied at the time of the offense. Although the court apparently thought that G.S. 14-67 uses the word "uninhabited" to mean "unoccupied," an examination of the record makes it clear that the trial court incorrectly relied on the same evidence to establish an element of the offense and an aggravating factor.

We also agree with the defendant that it was incorrect for the trial judge to find as an aggravating factor the fact that the Letchworths were not at home when the offense was committed. If anything, this should be considered a mitigating factor. In defining the degrees of arson, G.S. 14-58 distinguishes first degree from second degree in that the more serious offense occurs when the dwelling is occupied. Thus, the fact that the Letchworths' house was unoccupied when a G.S. 14-67 offense was committed should be considered a mitigating factor.

[2] Defendant's third attack is on the trial judge's consideration of the fact that the house "was actually partially burned." He contends that it was a violation of his substantive due process rights to consider this fact as aggravating since it is an element of arson, a charge that the State dropped against him in exchange for this plea bargain. It is also pointed out that the trial judge told defendant that his plea to the lesser offense was in lieu of all other charges. We find no error on this point.

First, the trial judge was not using a dismissed charge to aggravate the sentence. He was only considering a fact in evidence as allowed by the G.S. 15A-1340.4 guidelines. The statute provides that the trial judge may consider "any aggravating and mitigating factors that he finds are proved by the preponderance of the evidence, and that are *reasonably related to the purposes of sentencing*, whether or not such aggravating or mitigating factors are set forth herein. . . ." (Emphasis added.) It was proper for the trial judge to consider that the house was actually burned as related to one purpose of the sentencing here, *i.e.*, to remove him from society and prevent similar acts by him.

Second, we find no violation of the spirit of plea bargaining here because the defendant was fully informed of the maximum sentence of ten years before he entered his plea.

Finally, we note that defendant benefited from the plea bargain even though he received the maximum sentence. If the State had proceeded on the original charge, the evidence tended to show second degree arson under G.S. 14-58, which is a Class D felony. The presumptive sentence for Class D felonies is twelve years. G.S. 15A-1340.4(f). The maximum sentence for Class D felonies is forty years imprisonment or a fine or both. G.S. 14-1.1(a)(4). Thus, the plea arrangement was defendant's best alternative.

We acknowledge that the trial judge at one point stated that "[a]ctually, you are looking at a first-degree arson case." While this comment was an incorrect conclusion, it alone does not require reversal absent a showing of prejudice by the defendant. *Kanoy v. Hinshaw*, 273 N.C. 418, 160 S.E. 2d 296 (1968).

Because of our holding that certain factors were improperly considered in the sentencing here, defendant's sentence is vacated and the case is remanded for a new sentencing.

The stated goals of the Fair Sentencing Act should guide trial judges in pronouncing sentence. G.S. 15A-1340.3 states those purposes as:

> to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

*See also,* Comment, *The North Carolina Fair Sentencing Act,* 60 N.C. L. Rev. 631 (1982).

Balancing the aggravating and mitigating factors is still a discretionary matter for the trial judge and "is not a simple matter of mathematics. . . . The number of factors found is only one consideration in determining which factors outweigh others. Although the court is required to consider all statutory factors to some degree, it may very properly emphasize one factor more than another in a particular case." *State v. Davis,* 58 N.C. App. 330, 333, 293 S.E. 2d 658, 661 (1982).

Sentence vacated. Remanded for sentencing only.

Judges HILL and JOHNSON concur.