STATE OF NORTH CAROLINA v. WILLIAM EUGENE BENFIELD

No. 8421SC1101

(Filed 3 September 1985)

1. **Criminal Law § 138— aggravating factor—prior convictions**

   In a prosecution in which defendant was convicted of felonious breaking and entering, discharging a firearm into an occupied building, and multiple counts of assault, defendant failed to carry his burden of proof regarding prior convictions as to indigency, representation by counsel, or whether records of prior convictions were his; however, the court erred by considering as prior convictions cases in which prayer for judgment had been continued. G.S. 15A-1340.4(e).

2. **Criminal Law § 138— mitigating factor—extenuating relationship with victim —not present**

   In a prosecution in which defendant was convicted of breaking and entering, discharging a firearm into an occupied dwelling, and multiple counts of assault after he saw his wife with another man, the trial court did not err by failing to find as a mitigating factor for the assault upon a bystander in the dwelling into which defendant discharged a firearm that defendant was under provocation or that the relationship between defendant and the victim was extenuating. While there may have been an extenuating relationship between defendant and his wife, that could not justify or mitigate defendant's act of shooting randomly into a house and hitting an innocent bystander.

3. **Criminal Law § 138— mitigating factor—mental or physical condition that reduced culpability—not present**

   In a prosecution in which defendant was convicted of breaking and entering, discharging a firearm into an occupied dwelling, and multiple counts of assault, the trial court did not err by failing to find as a mitigating factor that defendant suffered from a mental or physical condition which reduced his culpability in that he had been shot after he initiated the shootout. G.S. 15A-1340.4(a)(2)(d).

4. **Criminal Law § 138— consecutive sentences—no abuse of discretion**

   The trial court did not err in a prosecution in which defendant was convicted of breaking and entering, discharging a firearm into an occupied dwelling, and multiple counts of assault by imposing sentences to be served consecutively rather than concurrently. G.S. 15A-1354(a) gives the sentencing judge discretion to impose concurrent or consecutive sentences.

5. **Criminal Law § 138; Constitutional Law § 81— consecutive sentences—not disproportionate**

   Consecutive sentences for breaking and entering, discharging a firearm into an occupied dwelling, and multiple counts of assault were not so grossly disproportionate to the crimes committed that they violated the Eighth Amendment.

**6. Criminal Law § 152— appeal in forma pauperis—limited to one of several cases**

 Where defendant was convicted of breaking and entering, discharging a firearm into an occupied dwelling, and multiple counts of assault, the trial court did not abuse its discretion by failing to afford defendant an opportunity to be represented on appeal *in forma pauperis* with regard to all appealable issues in all of the cases rather than in only the one case in which the sentence exceeded the presumptive. Defendant was entitled to appeal as of right only in that case. G.S. 15A-1444(a1).

APPEAL by defendant from *Albright, Judge.* Judgment entered 16 July 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals 20 August 1985.

Defendant was found guilty of two counts of assault with a deadly weapon with intent to kill inflicting serious injury, one count of felonious breaking and entering, one count of assault with a deadly weapon and one count of discharging a firearm into an occupied dwelling. All charges stemmed from a shooting incident after defendant observed his estranged wife in bed with another man.

In a previous appeal, *State v. Benfield,* 67 N.C. App. 490, 313 S.E. 2d 198, *cert. denied,* 311 N.C. 404, 319 S.E. 2d 274 (1984), this Court remanded for resentencing due to factors in aggravation held erroneously found. At the resentencing hearing the court entered the presumptive sentence for three of the four felonies and a sentence of two years for the misdemeanor assault. As to the fourth felony (No. 82CRS47156), the assault with a deadly weapon inflicting serious injury upon Beverly Lineberry (a bystander in the dwelling into which defendant discharged a firearm), the court found as an aggravating factor that defendant had a prior criminal conviction punishable by more than sixty days confinement. It found as a mitigating factor that defendant had expressed remorse. It declined to find two mitigating factors urged by defendant: (1) that "the defendant was suffering from a mental or physical condition that . . . significantly reduced his culpability," G.S. 15A-1340.4(a)(2)(d); (2) that defendant had acted under strong provocation, G.S. 15A-1340.4(a)(2)(i), as a result of seeing his wife with another man.

The court found that the aggravating factor outweighed the mitigating factor for this offense (No. 82CRS47156) and sentenced defendant to fifteen years imprisonment, a sentence in excess of

the presumptive. It also decreed that the various sentences were to run consecutively rather than concurrently.

Defendant appeals *in forma pauperis* from the sentence in excess of the presumptive in No. 82CRS47156.

*Attorney General Edmisten, by Assistant Attorney General Richard L. Kucharski, for the State.*

*Davis & Harwell, P.A., by Fred R. Harwell, Jr., for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred and abused its discretion in its findings of aggravating and mitigating factors, in determining the weight given to those factors, and in imposing a sentence greater than the presumptive in No. 82CRS47156. He first argues that his prior convictions may not be used as a factor in aggravation because the court made no findings as to his indigency or representation by counsel at the time thereof. Defendant has the burden of proof on this issue, however, *State v. Thompson,* 309 N.C. 421, 427, 307 S.E. 2d 156, 161 (1983), and he has failed to carry that burden.

Defendant further argues that the prior convictions were not adequately proven. Defendant stipulated, however, that records which he furnished to the court were official court records, and he admitted that they bore the name "William Benfield." These records also reflected that the defendant in those cases lived on the same road as does the defendant here. G.S. 15A-1340.4(e) provides, in pertinent part:

> The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, shall be prima facie evidence that the defendant named therein is the same as the defendant before the court, and shall be prima facie evidence of the facts set out therein.

Defendant thus had the burden of proving that the records were not in fact his, and he failed to carry that burden.

Defendant further argues that the court, in finding prior convictions as an aggravating factor, improperly considered his con-

victions in cases in which prayer for judgment was continued. We are constrained to agree. The record indicates that prayer for judgment was continued in cases in which defendant was convicted of communicating threats and of exceeding a safe speed. It is evident that the court considered at least the conviction for communicating threats in finding the aggravating factor of prior convictions. The State does not argue to the contrary but contends that proof of the conviction for communicating threats was by a preponderance of the evidence and that the aggravating factor of prior convictions thus was properly found.

At the time of the resentencing hearing the parties and the trial court did not have the benefit of this Court's decision in *State v. Southern*, 71 N.C. App. 563, 322 S.E. 2d 617 (1984), *aff'd per curiam*, 314 N.C. 110, 331 S.E. 2d 688 (1985). The Court there held, based on the statutory definition of "prior conviction," that a conviction with prayer for judgment continued cannot support a finding of prior convictions as an aggravating factor. It stated:

> The definition of "prior conviction" appears in G.S. 15A-1340.2(4):
>
>> A person has received a prior conviction when he has been adjudged guilty of or has entered a plea of guilty or no contest to a criminal charge, *and judgment has been entered thereon and the time for appeal has expired*, or the conviction has been finally upheld on direct appeal. (Emphasis added.)
>
> Thus, an offense is a "prior conviction" under the Fair Sentencing Act only if the judgment has been entered and the time for appeal has expired, or the conviction has been upheld on appeal. When an accused is convicted with prayer for judgment continued, no judgment is entered, *see State v. Thompson*, 267 N.C. 653, 148 S.E. 2d 613 (1966), and no appeal is possible (until judgment is entered). Such a conviction therefore may not support a finding of an aggravating circumstance under G.S. 15A-1340.4(a)(1)(o).

*Id.* at 565-66, 322 S.E. 2d at 619. We thus hold that the court erred in basing a finding of prior convictions as an aggravating factor at least in part on a conviction or convictions on which prayer for judgment was continued. The case accordingly must be

remanded for a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 602, 300 S.E. 2d 689, 701 (1983).

Defendant further argues that the court erred in failing to find as mitigating factors (1) that he acted under strong provocation or that the relationship between him and the victim was otherwise extenuating, and (2) that he was suffering from a mental or physical condition that reduced his culpability. We note that the trial court has great discretion in determining the existence of aggravating and mitigating factors. *State v. Graham*, 309 N.C. 587, 592, 308 S.E. 2d 311, 315 (1983); *see also State v. Thompson*, 310 N.C. 209, 220, 311 S.E. 2d 866, 872 (1984), *quoting State v. Ahearn*, 307 N.C. 584, 596, 300 S.E. 2d 689, 697 (1983). Further, the defendant bears the burden of proof in regard to mitigating factors. *State v. Jones*, 309 N.C. 214, 219, 306 S.E. 2d 451, 455 (1983).

[2] Defendant's contention that he was under provocation, or that the relationship between him and the victim was otherwise extenuating, is based on the fact that the shooting occurred after he saw his wife with another man. This Court has previously noted that provocation within the meaning of G.S. 15A-1340.4 (a)(2)(i) "requires a showing of a threat or challenge by the victim to the defendant." *State v. Puckett*, 66 N.C. App. 600, 606, 312 S.E. 2d 207, 211 (1984). There was no such showing here. While there may have been an extenuating relationship between defendant and his wife, that could not justify or mitigate defendant's act of shooting randomly into a house and hitting an innocent bystander. We thus find this contention without merit.

[3] Defendant's contention that as a result of having been shot he suffered from a mental or physical condition that reduced his culpability is also without merit. Mental and physical conditions recognized as possible mitigating factors have been those which existed prior to a defendant's criminal act. *State v. Taylor*, 309 N.C. 570, 572, 308 S.E. 2d 302, 305 (1983) (chronic brain syndrome); *State v. Puckett*, 66 N.C. App. 600, 601-02, 312 S.E. 2d 207, 208-09 (1984) ("post-traumatic stress disorder" in Vietnam veteran); *State v. Salters*, 65 N.C. App. 31, 36, 308 S.E. 2d 512, 516, *disc. rev. denied*, 310 N.C. 479, 312 S.E. 2d 889 (1984) (alcoholism); *State v. Jones*, 59 N.C. App. 472, 473-74, 297 S.E. 2d 132, 133-34, *disc. rev. denied*, 307 N.C. 579 (1983) (epileptic seizures and brain surgery).

We believe this reflects legislative intent in the enactment of G.S. 15A-1340.4(a)(2)(d). Here defendant was wounded after he initiated a shootout. Since his own culpable conduct led to his being shot, he cannot properly claim diminished responsibility on that account.

[4]  Defendant contends the court erred and abused its discretion in imposing sentences to be served consecutively rather than concurrently. G.S. 15A-1354(a) gives the sentencing court discretion to run multiple sentences either concurrently or consecutively. Our Supreme Court has stated that the General Assembly, by leaving this statute substantially intact when it enacted the Fair Sentencing Act, must have intended that the sentencing judge retain this discretion. *State v. Ysaguire*, 309 N.C. 780, 785, 309 S.E. 2d 436, 440 (1983). Consecutive sentencing thus does not violate our statutes. *Id.*

[5]  We also find defendant's "proportionality" argument, *i.e.*, that the imposition of consecutive sentences results in punishment so grossly disproportionate to the crimes committed that it violates the Eighth Amendment, without merit. "Only in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment." *Ysaguire* at 786, 309 S.E. 2d at 441. Like the Court in *Ysaguire*, "we find nothing so grossly disproportionate in this sentencing judgment for these criminal offenses to justify our upsetting via the Eighth Amendment the traditional sentencing prerogatives of the legislature and the trial court." *Id.* at 787, 309 S.E. 2d at 441.

[6]  Defendant contends the court erred and abused its discretion in failing to afford him an opportunity to be represented on appeal *in forma pauperis* "with regard to all appealable issues . . . in all of the cases before the court," instead of only in the one case (No. 82CRS47156) in which the sentence exceeded the presumptive. Defendant was entitled to appeal as of right only in that case, since only in that case did the sentence exceed the presumptive. G.S. 15A-1444(a1). Since defendant could appeal as of right only in case No. 82CRS47156, the court neither erred nor

abused its discretion in refusing to allow him to appeal *in forma pauperis* in the other cases.[1]

Defendant contends the court erred and abused its discretion in denying his motion for appropriate relief made at the conclusion of the sentencing hearing. Since the motion presented an argument we have herein found without merit, we find no error or abuse of discretion in its denial.

Remanded for resentencing.

Judges WELLS and PHILLIPS concur.

---

1. Defendant was entitled to petition the appellate division for a review of the other cases. G.S. 15A-1444(a1). We take judicial notice of the records of this Court, *In re Trucking Co.*, 285 N.C. 552, 557, 206 S.E. 2d 172, 176 (1974), and note that defendant filed with this Court a petition for writ of certiorari in the other cases. On 18 September 1984 another panel of this Court denied the petition. We may not overrule that decision. *N.C.N.B. v. Virginia Carolina Builders*, 307 N.C. 563, 299 S.E. 2d 629 (1983).