STATE OF NORTH CAROLINA v. STERLING MAYE

No. 9114SC102

(Filed 5 November 1991)

1. **Constitutional Law § 184 (NCI4th) — cocaine — prayer for judgment continued — no double jeopardy**

   An assignment of error contending that defendant's sentencing for trafficking in cocaine by possession, possession with intent to sell or deliver cocaine, and felonious possession of cocaine violated the prohibition against double jeopardy was not reached where the trial court unconditionally continued prayer for judgment on the three possession convictions. Since there has been no final judgment on those charges, the appellate court did not have the authority to reach that assignment of error.

   **Am Jur 2d, Criminal Law §§ 262, 279.**

2. **Evidence and Witnesses § 377 (NCI4th) — cocaine — subsequent offense — admissible — common plan or scheme**

   The trial court did not err in a cocaine prosecution by admitting evidence of a subsequent offense as showing a common plan or scheme where the trial court compared the evidence on voir dire with the evidence in the current trial and concluded that the two acts were very similar, particularly defendant's packaging and transportation of the drugs. There was also no error in the trial court's application of the balancing test of N.C.G.S. § 8C-1, Rule 403. N.C.G.S. § 8C-1, Rule 404(b).

   **Am Jur 2d, Evidence §§ 326, 329.**

   Judge WYNN concurring.

APPEAL by defendant from judgment entered 17 August 1990 in DURHAM County Superior Court by *Judge J. B. Allen, Jr.* Heard in the Court of Appeals 10 October 1991.

Defendant was indicted for trafficking in cocaine by transportation, trafficking in cocaine by possession, possession with intent to sell or deliver cocaine, and felonious possession of cocaine. All of the charges arose out of a single drug-related incident which occurred on 18 July 1989. The charges were called for trial on 14 August 1990. Defendant Maye and co-defendant Fearington were

tried together. On 17 August 1990, as to defendant Maye, the jury returned a verdict of guilty to all charges.

The State's evidence tended to show that undercover narcotics officers were conducting a surveillance operation involving a Durham residence and two vehicles. On 18 July 1989 while "doing a drive-by" of the residence in an unmarked car, three officers observed a four-door Mercedes approaching them which crossed over the center line and forced the officers to swerve toward the shoulder of the highway to avoid being hit. The Mercedes was one of two vehicles specifically targeted for surveillance. The car was registered to defendant's brother but the State produced evidence that defendant had referred to the car as belonging to him on several occasions. Defendant was driving the vehicle and co-defendant Mark Fearington was riding in the front passenger seat. The officers pursued the Mercedes and observed it turn into the driveway of the residence they had under surveillance. As the officers pulled in behind the Mercedes, they observed the defendant get out of the car "faster than normal," move to the back of the vehicle, step back and squat down. At that time the officers put the blue light on the dash, jumped out of the car and announced themselves as police officers.

An officer heard a "metallic type of sound" when the defendant squatted down, so he had defendant raise his hands and move toward the wall of the house. The officers discovered that the metallic sound was made by a pager being thrown. From where the officers were standing, they could see an opened and unzipped pouch on the front passenger seat of the Mercedes. From their position, they could also see "clear baggies, plastic baggies with a white powder substance" inside the pouch. An officer removed the pouch from the car and discovered $18.00 in quarters, "a large amount of little baggies with twist ties with a white powder substance," a small amount of marijuana, and some house keys. The bag contained 174 little white plastic bags in the pouch. The cocaine in the bag was determined to weigh approximately 49.8 grams.

After the pouch was found, the officers questioned both defendants. Both defendants denied having anything to do with the pouch. The officers placed co-defendant Fearington under arrest but did not arrest defendant Maye. A warrant was issued the next day for defendant Maye and he was arrested at his home pursuant to that warrant.

Defendant's evidence primarily consisted of denials that the cocaine found in the Mercedes Benz on 18 July 1989 belonged to him.

The trial court sentenced defendant to a term of 15 years upon the conviction of trafficking in cocaine by transportation. As to the remaining three convictions of trafficking by possession, possession with intent to sell or deliver, and felonious possession, the court continued prayer for judgment for a term of five years.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Jacob L. Safron, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender M. Patricia DeVine, for defendant-appellant.*

WELLS, Judge.

[1] Defendant brings forward four assignments of error for our review. First, defendant contends the trial court erred in "entering judgment and sentencing him" for convictions of trafficking in cocaine by possession, possession with intent to sell or deliver cocaine, and felonious possession of cocaine. Defendant argues his conviction and "sentencing" for all three possession offenses violated the prohibition against double jeopardy contained in the Fifth Amendment to the U.S. Constitution and Article I, § 19 of the N. C. Constitution. In *State v. Mebane*, 101 N.C. App. 119, 398 S.E.2d 672 (1990), the Court held the legislature did not intend cumulative punishments be imposed for trafficking in cocaine by possession and for possession with intent to sell and deliver when the charges are based on possession of the same cocaine at the same time. Additionally, the Court held that double jeopardy bars punishment for both possession with the intent to sell or deliver and felonious possession of the same cocaine at the same time. However, we are unable to address this assignment of error under the circumstances in this case.

The trial court unconditionally continued prayer for judgment for a term of five years on the three possession convictions at issue here. A defendant who has entered a plea of not guilty to a criminal charge and who is then found guilty, has a right to appeal when final judgment has been entered. N.C. Gen. Stat. § 15A-1444 (1988). G.S. § 15A-101 which defines "entry of judgment" provides that a "[p]rayer for judgment continued . . . without more, does not constitute entry of judgment." *See State v. Southern,*

71 N.C. App. 563, 322 S.E.2d 617 (1984), *aff'd*, 314 N.C. 110, 331 S.E.2d 688 (1985) (when a prayer for judgment is continued, no judgment is entered and no appeal is possible). *Accord, State v. Benfield*, 76 N.C. App. 453, 333 S.E.2d 753 (1985).

Since there has been no final judgment entered with respect to these charges, we do not have the authority to reach this assignment of error. However, we note that if the State should move the trial court to impose sentence as to these three convictions and the court should do so, the defendant may then appeal and may raise the objections asserted in this appeal. *State v. Pledger*, 257 N.C. 634, 127 S.E.2d 337 (1962).

[2] As his next assignment, defendant contends the trial court erred in allowing the State to admit evidence about his involvement in a separate and unrelated drug offense. Defendant alleges this evidence should have been excluded pursuant to N.C. Gen. Stat. § 8C-1, Rule 404(b) of the N.C. Rules of Evidence (1988).

The State's witness was an officer with the Durham Police Department. After a bench conference, the witness testified on *voir dire* that he had known defendant both in junior high and high school. He also testified that he knew the defendant professionally because he had arrested the defendant for possession with intent to sell and deliver cocaine on 14 August 1989, about five weeks subsequent to the drug offenses for which the defendant was then standing trial. Pursuant to a traffic stop and arrest, the officer found a clear plastic sandwich bag concealed in defendant's underwear. The bag contained 22 individually tied packets of cocaine weighing a total of 5.8 grams.

Following the officer's testimony on *voir dire*, the trial court allowed arguments by counsel regarding the admissibility of the officer's testimony. After comparing the evidence on *voir dire* with the evidence in the current trial, the trial court concluded that defendant's acts on 18 July 1989 and 24 August 1989 were very similar. Particularly similar were defendant's packaging of the cocaine and the transportation of the drugs. The trial court ruled the evidence admissible under Rule 404(b) to show a common plan or scheme. The court found as a fact that the acts between the two crimes were so related that the facts about the 24 August 1989 offense were admissible to prove the charges being tried. In compliance with Rule 403, the trial court also found that the probative value substantially outweighed any danger of unfair prej-

udice. Thus, the officer was permitted to testify about the foregoing facts in front of the jury.

Defendant argues that the similarities between the two offenses were not sufficient to show a common plan or scheme. Additionally, defendant alleges the strong prejudice of the testimony outweighed any probative value. Relying on *State v. McClain*, 240 N.C. 171, 81 S.E.2d 364 (1954), defendant contends Rule 404(b) is a general rule of exclusion instead of inclusion.

Rule 404(b) of the North Carolina Rules of Evidence provides:

> *Other crimes, wrongs, or acts.* — Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (1988).

The purposes for which evidence of other crimes, wrongs, or acts may be admissible are not limited to those specifically set forth in Rule 404(b) or in *McClain*. *State v. Weaver*, 318 N.C. 400, 348 S.E.2d 791 (1988). "[E]vidence that defendant committed similar offenses is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission." *State v. DeLeonardo*, 315 N.C. 762, 340 S.E.2d 350 (1986) (Citations omitted). In *State v. Coffey*, 326 N.C. 268, 389 S.E.2d 48 (1990), the Court held ". . . evidence of other offenses is *admissible* so long as it is *relevant to any fact or issue other than* the character of the accused." (Emphasis in original). (Citations omitted). Moreover, the Court stated that recent cases in North Carolina show a ". . . clear general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *Id.*

Applying the above law to the facts in this case, we find the evidence relating to the defendant's involvement in the 24 August 1989 offense was properly admitted under Rule 404(b). Fur-

thermore, we find no merit to defendant's contention that the trial court erred in applying the balancing test under Rule 403.

Defendant does not address the second assignment in his brief, and it is therefore deemed abandoned. N.C.R. App. P., Rule 28.

We have carefully reviewed defendant's final assignment of error and find it to be without merit.

No error.

Judge PARKER concurred.

Judge WYNN filed a separate concurring opinion.

Judge WYNN concurring by separate opinion.

I write separately to emphasize, as pointed out by the majority, that the circumstances of this case do not allow us to address the issue of double jeopardy. Here, the trial judge entered judgment on the conviction of trafficking in cocaine by transportation and ordered prayer for judgment on the remaining convictions. As such, we do not have before us the double jeopardy or cumulative punishments concerns addressed in *State v. Mebane*, 101 N.C. App. 119, 398 S.E.2d 672 (1990). Thus, for example, we do not address the propriety of deciding on appeal the instance in which judgment is entered on the conviction of possession with intent to sell and deliver and prayer for judgment is ordered on the conviction of felonious possession.