STATE OF NORTH CAROLINA v. WILLIS ANDRE JONES

No. COA01-464

(Filed 16 July 2002)

## 1. Jury— selection—excusal for cause

The trial court did not err in a prosecution for breaking and entering and other offenses by excusing for cause ex mero motu a juror who had indicated in another trial that she would not follow the law if it did not align with the Bible. The trial court did not rely on answers given by the juror at another session of court, but properly established the grounds for excusal in the record in this case. Defendant made no showing that further questioning would produce different answers.

## 2. Discovery— violation—no sanctions

The trial court did not abuse its discretion in a prosecution for breaking and entering and other offenses by not imposing

sanctions for the State's violation of a discovery order in its production of photographs.

**3. Appeal and Error— prayer for judgment continued—not a final judgment—assignment of error not addressed**

An issue involving amendment of an indictment for felonious larceny was not considered where defendant was convicted of felonious breaking and entering, felonious larceny, and felonious possession of stolen goods, and prayer for judgment continued was granted on the felonious larceny conviction. No final judgment was entered as to felonious larceny and the Court of Appeals could not address the assignment of error.

**4. Possession of Stolen Property— indictment—ownership of property—not an essential element**

The trial court did not err by denying defendant's motion to dismiss the charge of felonious possession of stolen goods where Salvador Santos initially told officers that the items recovered belonged to "us"; Santos later clarified that the property belonged to his 17 year old stepson, Ever Antonio Hernandes; and the court allowed the State to amend the indictment accordingly. The name of the person from whom the goods were stolen is not an essential element of the indictment and a variance between the allegations of ownership and proof is not fatal.

**5. Burglary and Unlawful Breaking or Entering— breaking and entering—sufficiency of evidence—lack of authority to enter**

The trial court did not err by denying defendant's motion to dismiss a charge of breaking and entering where defendant contended that there was nothing in the evidence inconsistent with the owner giving defendant permission to come and borrow the property, but, viewed in the light most favorable to the State, the evidence at trial was sufficient to support an inference that defendant had no legal authority to enter the apartment.

**6. Sentencing— habitual offender—no contest plea**

The trial court did not err by accepting defendant's no contest plea to being an habitual felon. A conviction within the context of N.C.G.S. § 14-7.6 includes a judgment entered upon a no contest plea, as long as the statutory procedures in N.C.G.S. § 15A-1022 are followed.

### 7. Sentencing— possessing stolen goods—felonious larceny— prayer for judgment continued on larceny

The trial court did not err by not arresting judgment on a larceny charge upon entering judgment to the charge of possession of stolen goods where prayer for judgment continued was granted on the larceny charge. Defendant was not punished for both convictions.

Appeal by defendant from judgment entered 5 October 2000 by Judge J.B. Allen, Jr. in Superior Court, Durham County. Heard in the Court of Appeals 12 February 2002.

*Attorney General Roy Cooper, by John F. Maddrey, Assistant Attorney General, for the State.*

*Daniel Shatz for defendant-appellant.*

McGEE, Judge.

Willis Andre Jones (defendant) was indicted on 20 March 2000 in a true bill charging him with felonious breaking and entering a residence occupied by Salvador Santos, felonious larceny of personal property of Salvador Santos, and felonious possession of stolen goods belonging to Salvador Santos. Defendant was indicted in a second indictment on 20 March 2000 charging him as an habitual felon.

The State's evidence at trial tended to show that Esther Maya testified she saw a man opening a window at a neighbor's residence with a screwdriver in early November 1999. She called 911. Officer T.D. Douglass, Jr. (Officer Douglass) of the Durham Police Department responded to a report of a breaking and entering in progress at 420 Macon Street in Durham, North Carolina on 2 November 1999, at about 8:30 a.m. Officer Douglass testified that when he arrived, a neighbor pointed towards a window in the apartment, and the officer saw "obvious pry marks" indicating to him that a break-in had occurred through the window. Officer Douglass heard noises from inside the apartment building and he saw a man leaving the building with what appeared to be a full knapsack over his shoulder and a crowbar in his hand. Officer Douglass ordered the man to lie on the ground, and then placed him in custody. The officer identified defendant as the man he saw coming from the apartment building. He testified that what he thought was a knapsack was actually a nylon jacket folded around a VCR, a portable compact disc player, and a plastic

case containing compact discs. Durham Police Officer D.W. Smith (Officer Smith) corroborated the testimony of Officer Douglass.

Thelma Jimenez testified she lived at 420 Macon Street and that she saw a man in her bedroom on 2 November 1999. She stated that the man the police took into custody looked like the same man who had been in her bedroom.

Salvador Santos testified he rented an apartment located at 420 Macon Street and that on the morning of 2 November 1999 he was asleep in his bedroom when he heard his doorknob being rattled. He ran outside and saw the man the police had in custody and he testified he did not give the man permission to enter his residence. The officers showed Santos the items recovered and he initially stated that the property "belonged to us." Santos later clarified that the items of property belonged to Ever Antonio Hernandez, the seventeen-year-old son of Santos' wife, who lived with Santos.

The State moved to amend the indictment to change the name of the owner of the personal property in the indictment from Salvador Santos to Ever Antonio Hernandez, which the trial court allowed. At the close of the State's evidence, defendant moved to dismiss the charges against him. The trial court denied defendant's motion. Defendant presented no evidence. At the close of all the evidence, defendant again moved to dismiss the charges against him, which the trial court denied.

The jury convicted defendant of felonious breaking or entering, felonious larceny and felonious possession of stolen goods. Defendant pled no contest to being an habitual felon. The trial court sentenced defendant as an habitual felon to 121 months to 155 months in prison on the charges of felonious breaking or entering and felonious possession of stolen goods. The trial court granted defendant prayer for judgment continued on the felonious larceny conviction. Defendant appeals.

On appeal, defendant has failed to argue all assignments of error set out in the record on appeal; therefore, the assignments of error not argued are deemed abandoned. N.C.R. App. P. 28(a); *State v. Stanley*, 288 N.C. 19, 26, 215 S.E.2d 589, 593-94 (1975) ("[I]t is well recognized that assignments of error not set out in an appellant's brief, and in support of which no arguments are stated or authority cited, will be deemed abandoned.").

**STATE v. JONES**

[151 N.C. App. 317 (2002)]

I.

**[1]** Defendant argues by his second, third and fourth assignments of error that the trial court erred in excusing a potential juror, Ms. Barbee, for cause *ex mero motu*. N.C. Gen. Stat. § 15A-1212 (8) (1999) states that any party may challenge a juror for cause "on the ground that the juror . . . [a]s a matter of conscience, regardless of the facts and circumstances, would be unable to render a verdict with respect to the charge in accordance with the law of North Carolina."

"It is within the discretion of the trial judge, who has the opportunity to see and hear the juror on voir dire and to make findings based on the juror's credibility and demeanor, to ultimately determine whether the juror could be fair and impartial." *State v. Kennedy*, 320 N.C. 20, 26, 357 S.E.2d 359, 363 (1987) (citations omitted). Therefore, the trial court's ruling on a challenge for cause is not reviewable on appeal except for abuse of discretion. *State v. Robinson*, 355 N.C. 320, 329, 561 S.E.2d 245, 251-52 (2002).

Defendant argues that (1) the trial court erroneously considered answers given by Ms. Barbee as a potential juror in an earlier case, in violation of defendant's constitutional right to counsel and to be present during jury selection, (2) the record does not show sufficient grounds to sustain a challenge for cause against Ms. Barbee, and (3) the trial court erred in refusing to allow defense counsel to question Ms. Barbee.

A review of the transcript in the record in this case includes the following exchange among the trial court, Ms. Barbee and defense counsel:

THE COURT: All right. Ms. Barbee, I'm going to come back to you. I believe at an earlier session of court, were you a potential juror?

Ms. BARBEE: Yes, sir, I was.

THE COURT: And I think I'm correct. As I told the jury here and as I told that jury, it's most important that the jury—It is absolutely necessary and most important that the jury understand and apply the law that I would give to the jury and not as the jury or an individual might think it to be or might like it to be. And you told me, I believe earlier, that if you didn't like the law, then you would not apply the law that I would give you. Were you the lady that said that?

Ms. BARBEE: I didn't use those words, but that is what I responded.

THE COURT: That is what you mean?

Ms. BARBEE: Absolutely.

THE COURT: In other words, if I tell you that this is the law and you don't like that law, then you would not follow that law, is that what you told me earlier and is that what you're telling me now?

Ms. BARBEE: What I'd like to say, sir, is that I follow the Bible for faith and practice and if the law of the land does not line up with that, then I do not follow the law of the land.

THE COURT: Well, I'm just trying to get you to tell me what you told me before.

I believe I asked you that if I told you that this was the law and you disagreed with that, then you would not follow my instructions.

Ms. BARBEE: Absolutely. That is correct.

THE COURT: All right. I'm going to excuse her for cause. Any objections?

MR. BATTAGLIA: I'd like to ask her a couple of questions.

THE COURT: No. She said she can't follow the law if she didn't agree with it. She is excused for cause.

We disagree with defendant's argument that the trial court "effectively made the prior jury selection a part of this case." Although it is clear from the record that the trial court recognized Ms. Barbee as a potential juror from an earlier session of court, the trial court did not rely on answers given by Ms. Barbee at that earlier time when determining whether to excuse her for cause in this case. Rather, the trial court properly established on the record in this case the grounds upon which he excused Ms. Barbee for cause. There is no evidence in the record that the trial court improperly relied on statements made by Ms. Barbee when defendant or his counsel were not present.

Additionally, defendant's argument that there are insufficient grounds to sustain a challenge for cause is without merit. The United States Supreme Court has held that the standard for determining if a juror is qualified is whether the juror's views would " 'prevent or sub-

stantially impair the performance of his duties as a juror in accordance with his instructions and his oath.' " *State v. Taylor*, 332 N.C. 372, 390, 420 S.E.2d 414, 425 (1992) (quoting *Wainwright v. Witt*, 469 U.S. 412, 424, 83 L. Ed. 2d 841, 851-52 (1985)) (quoting from *Adams v. Texas*, 448 U.S. 38, 45, 65 L. Ed. 2d. 581, 589 (1980)). There is substantial evidence in the record that Ms. Barbee's views would impair her duty as a juror to follow and apply the laws of North Carolina as instructed by the trial court because she stated unequivocally that she would not be able to follow the law as instructed if it differed from her religious faith and practice.

Finally, although defendant contends the trial court erroneously refused to allow defense counsel to question Ms. Barbee, our Supreme Court has held that "the defendant is not entitled to engage in attempts to rehabilitate such jurors by repeating the questions the jurors have already answered." *State v. Hill*, 331 N.C. 387, 403, 417 S.E.2d 765, 771 (1992), *cert. denied*, 507 U.S. 924, 122 L. Ed. 2d 684 (1993) (citing *State v. Cummings*, 326 N.C. 298, 307, 389 S.E.2d 66, 71 (1990)). *See also State v. Zuniga*, 320 N.C. 233, 250, 357 S.E.2d 898, 909, *cert. denied*, 484 U.S. 959, 98 L. Ed. 2d 384 (1987). Further,

> "[w]hen challenges for cause are supported by prospective jurors' answers to questions propounded by the prosecutor and by the court, the court does not abuse its discretion, at least in the absence of a showing that further questioning by defendant would likely have produced different answers, by refusing to allow the defendant to question the juror challenged [about the same matter]."

*Hill*, 331 N.C. at 403, 417 S.E.2d at 772 (quoting *Cummings*, 326 N.C. at 307, 389 S.E.2d at 71). As we have determined, the challenge to Ms. Barbee for cause is supported by her answers in the record in this case and defendant has made no showing that further questioning would produce different responses from Ms. Barbee.

"The nature and extent of the inquiry made of prospective jurors on *voir dire* ordinarily rests within the sound discretion of the trial court." *Hill*, 331 N.C. at 404, 417 S.E.2d at 772 (citing *State v. Brown*, 315 N.C. 40, 53, 337 S.E.2d 808, 820 (1985), *cert. denied*, 476 U.S. 1165, 90 L. Ed. 2d 733 (1986), *overruled on other grounds by State v. Vandiver*, 321 N.C. 570, 364 S.E.2d 373 (1988)). Defendant has failed to show that the trial court abused its discretion in dismissing Ms. Barbee for cause. Defendant's second, third and fourth assignments of error are overruled.

II.

**[2]** Defendant argues by his fifth assignment of error that the trial court erred in allowing the State to introduce photographs into evidence which had not been provided to defendant in discovery.

Following Officer Smith's testimony, the State moved to introduce exhibits one through seven, which included certain photographs. Defendant objected to the admission of the photographs because they had not been provided to defendant during discovery.

The trial court found that

this is a violation of the discovery order in this case.

Counsel for the State, the Assistant D.A., an officer of the court, stated he only received these photographs this morning during jury selection. That he immediately thereafter gave them to counsel for the defendant. Counsel for the State contends that the defendant was placed on notice. That he was advised that there had been fingerprints and photographs and that the counsel for the defendant did not seek to secure those.

The trial court then found that the State sought to introduce the photographs for the limited purpose of illustrating the testimony of the witness, that the photographs were relevant, and that their probative value was not outweighed by unfair prejudice to defendant.

In his brief to our Court, defendant argues that the trial court failed "to properly exercise its discretion by considering sanctions for this discovery violation[.]" N.C. Gen. Stat. § 15A-910 (1999) states that

If at any time during the course of the proceedings the court determines that a party has failed to comply with [discovery] or with a [discovery order], the court in addition to exercising its contempt powers *may*

(1) Order the party to permit the discovery or inspection, or

(2) Grant a continuance or recess, or

(3) Prohibit the party from introducing evidence not disclosed, or

(3a) Declare a mistrial, or

(3b) Dismiss the charge, with or without prejudice, or

(4) Enter other appropriate orders.

(emphasis added). "The decision as to which sanctions to apply, or whether to apply any of the sanctions at all, however, rests with the discretion of the trial court." *State v. Carson,* 320 N.C. 328, 336, 357 S.E.2d 662, 667 (1987) (citing *State v. Stevens,* 295 N.C. 21, 37, 243 S.E.2d 771, 781 (1978)). Therefore, the trial court's decision will only "be reversed for an abuse of discretion . . . upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *Id.* (citing *State v. Gladden,* 315 N.C. 398, 412, 340 S.E.2d 673, 682, *cert. denied,* 479 U.S. 871, 93 L. Ed. 2d 166 (1986)).

We find the trial court did not abuse its discretion in this case by failing to impose sanctions upon the State for the discovery violation. N.C. Gen. Stat. § 15A-910 leaves the determination of whether to impose sanctions solely within the discretion of the trial court and does not require the trial court to make specific findings on the record that it considered sanctions before determining not to impose sanctions.

Also, the transcript in this case demonstrates the trial court properly considered the circumstances surrounding the production of the photographs. "[T]he purpose of discovery under our statutes is to protect the defendant from unfair surprise by the introduction of evidence he cannot anticipate." *State v. Payne,* 327 N.C. 194, 202, 394 S.E.2d 158, 162 (1990), *cert. denied,* 498 U.S. 1092, 112 L. Ed. 2d 1062 (1991). The trial court found that defendant was not surprised by the introduction of the photographs at trial, but rather was on notice of the existence of the photographs. Although the State committed a discovery violation, the circumstances of the violation did not require imposition of a sanction. Therefore, the trial court's failure to impose sanctions was the result of a reasoned decision and was not an abuse of discretion. Defendant's fifth assignment of error is overruled.

III.

[3] Defendant argues by his sixth assignment of error that the trial court erred in allowing the State's motion to amend the larceny indictment by changing the name of the alleged victim.

Over defendant's objection, the trial court allowed the State's motion to amend the larceny count of the indictment to conform to the evidence presented at trial, by changing the name of the owner of the personal property from Salvador Santos to Ever Antonio Hernandez. Following the jury's verdict, the trial court entered prayer for judgment continued on the conviction of felonious larceny.

A defendant "is entitled to appeal as a matter of right when final judgment has been entered." N.C. Gen. Stat. § 15A-1444(a) (1999). N.C. Gen. Stat. § 15A-101(4a) (1999) states that "[p]rayer for judgment continued upon payment of costs, without more, does not constitute the entry of judgment." *See also State v. Southern*, 71 N.C. App. 563, 322 S.E.2d 617 (1984), *aff'd*, 314 N.C. 110, 331 S.E.2d 688 (1985); *State v. Benfield*, 76 N.C. App. 453, 333 S.E.2d 753 (1985).

In this case, no final judgment has been entered as to the conviction for felonious larceny; therefore, our Court is unable to address this assignment of error under the circumstances in this case. Nevertheless, should the State move the trial court to impose judgment on the conviction of felonious larceny and the trial court does in fact impose judgment, defendant may raise the issues in this assignment of error on appeal. *State v. Maye*, 104 N.C. App. 437, 439-40, 410 S.E.2d 8, 10 (1991). *See also State v. Pledger*, 257 N.C. 634, 127 S.E.2d 337 (1962).

IV.

By his seventh assignment of error, defendant contends the trial court erred in denying his motion to dismiss because the State failed to produce sufficient evidence of every element of each offense.

"A motion to dismiss is properly denied if 'there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense.' " *State v. Gilmore*, 142 N.C. App. 465, 469, 542 S.E.2d 694, 697 (2001) (quoting *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990)). " 'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Id.* (quoting *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990)). Upon consideration of a motion to dismiss, "all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). " 'The test for sufficiency of the evidence is the same regardless of whether the evidence is circumstantial or direct.' " *State v. Holmes*, 142 N.C. App. 614, 617, 544 S.E.2d 18, 20 (2001) (quoting *State v. Harding*, 110 N.C. App. 155, 162, 429 S.E.2d 416, 421 (1993)).

A. Felonious Larceny

Defendant first argues that because there was a fatal variance between the indictment for felonious larceny and the evidence pro-

duced at trial, the trial court erred in not granting defendant's motion to dismiss this charge. As we determined above, defendant's appeal based upon his conviction for felonious larceny is not properly before this Court; therefore, we are unable to address this argument.

## B. Possession of Stolen Goods

[4] Defendant also argues that the State failed to produce sufficient evidence to support the charge of felonious possession of stolen property.

The essential elements of felonious possession of stolen goods are "(1) possession of personal property, (2) valued at more than [$1000.00], (3) which has been stolen, (4) the possessor knowing or having reasonable grounds to believe the property to have been stolen, and (5) the possessor acting with a dishonest purpose." *State v. Davis*, 302 N.C. 370, 373, 275 S.E.2d 491, 493 (1981). *See* N.C. Gen. Stat. §§ 14-71.1 and 14-72 (1999).

Defendant argues that, as to the charge of felonious possession of stolen property, there was a fatal variance between the indictment and the evidence produced at trial regarding the ownership of the personal property; therefore, the State's evidence was insufficient to prove that defendant possessed the property without the owner's permission.

As support for his argument, defendant relies on our Court's decision in *State v. Salters*, 137 N.C. App. 553, 528 S.E.2d 386, *cert. denied*, 352 N.C. 361, 544 S.E.2d 556 (2000). This reliance, however, is misplaced because in *Salters* the defendant's convictions of felonious larceny and felonious breaking and entering were at issue, not a conviction for felonious possession of stolen goods. *Id.* at 554, 528 S.E.2d at 388. Our Court held in *State v. Medlin*, 86 N.C. App. 114, 124, 357 S.E.2d 174, 180 (1987), that "the name of the person from whom [the] goods were stolen is not an essential element of an indictment alleging possession of stolen goods, nor is a variance between the indictment['s] allegations of ownership of [the] property and the proof of ownership fatal."

The trial court did not err in denying defendant's motion to dismiss the charge of felonious possession of stolen goods.

## C. Breaking and Entering

[5] Defendant also argues the trial court erred in denying his motion to dismiss the charge of breaking and entering. Specifically, defend-

ant argues that "the critical flaw is the absence of testimony that Ever Hernandez did not give [defendant] permission to enter the house and/or to take the property."

"The essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein." *State v. Litchford*, 78 N.C. App. 722, 338 S.E.2d 575 (1986) (citing N.C.G.S. 14-54(a)).

In a larceny case, "evidence is sufficient to prove lack of consent if it can support a reasonable inference by the jury that the dwelling was entered without the permission of the occupants." *Salters*, 137 N.C. App. at 558, 528 S.E.2d at 390 (citing *State v. Sweezy*, 291 N.C. 366, 384, 230 S.E.2d 524, 535 (1976)). Further,

> "[n]either . . . statute nor [case law] requires that the evidence be direct; rather, the evidence must be substantial. It is well-established in the appellate courts of this State that jurors may rely on circumstantial evidence to the same degree as they rely on direct evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Rather, 'the law requires only that the jury shall be fully satisfied of the truth of the charge.'"

*Salters*, 137 N.C. App. at 557, 528 S.E.2d at 390 (quoting *State v. Sluka*, 107 N.C. App. 200, 204, 419 S.E.2d 200, 203 (1992) (internal citations omitted)).

Although defendant argues that "there is nothing about the evidence inconsistent with [Ever Antonio Hernandez] having given [the defendant] permission to come by and take or borrow the property," we disagree and find the evidence presented by the State in this case was sufficient to submit the charge of breaking and entering to the jury. Despite the fact that Ever Antonio Hernandez was not a witness at trial and therefore did not testify as to whether he gave defendant permission to enter his room, the evidence showed that defendant was observed exiting the apartment through a window with a crowbar in his hand, as well as a knapsack or nylon jacket containing a VCR, a compact disc player and compact discs. Further, pry marks were located on the window through which defendant exited the apartment.

Viewing the evidence in a light most favorable to the State, the evidence at trial was sufficient to support an inference, and the jury's finding, that defendant had no legal authority to enter the apartment

and entered the apartment without consent. Defendant's seventh assignment of error as to the possession of stolen goods and breaking and entering charges are overruled.

V.

[6] By his ninth assignment of error, defendant argues the trial court erred in accepting his no contest plea to the habitual felon indictment because the habitual felon statutes do not authorize no contest pleas to habitual felon indictments.

An habitual felon is "[a]ny person who has been convicted of or pled guilty to three felony offenses[.]" N.C. Gen. Stat. § 14-7.1 (1999). "The proceedings for determining whether a defendant is an habitual felon 'shall be as if the issue of habitual felon were a principal charge.'" *Gilmore*, 142 N.C. App. at 471, 542 S.E.2d at 698-99 (quoting N.C. Gen. Stat. § 14-7.5 (1999)). The issue of whether a defendant is an habitual felon is to be submitted to the jury for its determination. N.C. Gen. Stat. § 14-7.5 (1999). "[U]pon conviction or plea of guilty under indictment" for being an habitual felon, the felon must be sentenced as a Class C felon. N.C. Gen. Stat. § 14-7.6 (1999).

Defendant argues that "[u]nder the principle *expressio unius est exclusio alterius*, if the legislature had intended to permit pleas of no contest to habitual felon indictments," then the legislature would have included the words "no contest" in N.C. Gen. Stat. § 14-7.6. Defendant states he has found no appellate case in which a no contest plea has been accepted under N.C. Gen. Stat. § 14-7.6 as a "conviction." However, our Court has recognized that a no contest plea is a "conviction" within the meaning of N.C. Gen. Stat. § 14-7.1, provided the plea of no contest was entered after 1 July 1995. *State v. Jackson*, 128 N.C. App. 626, 630, 495 S.E.2d 916, 919 (1998). A no contest plea entered prior to 1 July 1995, which was the effective date of N.C. Gen. Stat. § 15A-1022, is not a "conviction" sufficient to support the charge of being an habitual felon because the safeguards established by N.C. Gen. Stat. § 15A-1022 were not in place prior to that effective date. *State v. Petty*, 100 N.C. App. 465, 467-68, 397 S.E.2d 337, 339-40 (1990). However, a no contest plea entered after 1 July 1995 can be used as one of the three prior felony convictions required by N.C. Gen. Stat. § 14-7.1 to support a charge of being an habitual felon. *Jackson*, 128 N.C. App. at 630, 495 S.E.2d at 919. We hold that a "conviction" within the context of N.C. Gen. Stat. § 14-7.6 similarly includes a judgment entered upon a no contest plea, as long as the

statutory procedures in N.C. Gen. Stat. § 15A-1022 for entering a no contest plea are followed by the trial court in entering the plea.

N.C. Gen. Stat. § 15A-1022 (1999) establishes guidelines the trial court must follow before accepting a plea of guilty or no contest from a defendant. The statute states in part that the trial court must address the defendant personally before accepting a plea of guilty or no contest and inform the defendant of the consequences of his plea. N.C. Gen. Stat. § 15A-1022(a)(1). Before accepting a plea, the trial court must also determine that a factual basis exists for the plea. N.C. Gen. Stat. § 15A-1022(c). Further, the trial court

> may accept the defendant's plea of no contest even though the defendant does not admit that he is in fact guilty if the judge is nevertheless satisfied that there is a factual basis for the plea. The judge must advise the defendant that if he pleads no contest *he will be treated as guilty whether or not he admits guilt.*

N.C. Gen. Stat. § 15A-1022(d) (emphasis added).

Applying our holding to the case at hand, we find the trial court did not err in accepting defendant's plea of no contest to being an habitual felon after complying with the statutory guidelines for accepting a no contest plea. The record before us shows that defendant was fully informed as to the consequences of his action, and that he knowingly and voluntarily stated his plea. Defendant acknowledged under oath that he understood that by pleading no contest he was giving up his constitutional rights to a jury trial on the habitual felon charge, that he would be treated as guilty of being an habitual felon, and that he considered it in his best interest to plead no contest. The oral exchange between defendant and the trial court in the transcript is consistent with the written "Transcript of Plea" signed by defendant, defense counsel, the prosecutor and the trial court. It is clear from the record that defendant understood that upon his plea of no contest he would be treated as being guilty.

The trial court also properly requested that the prosecutor state for the record the factual basis for the habitual felon charge, which the prosecutor did by referring to certified true copies of documents establishing three prior felony convictions of defendant and defense counsel stipulated there was a factual basis for the trial court accepting the plea.

Defendant also argues that our case law

STATE v. JONES

[151 N.C. App. 317 (2002)]

indicate[s] that in order for a defendant to waive the right to have habitual felon status determined by a jury, there must be both a stipulation to the three alleged prior convictions and a colloquy with the trial court to establish that the defendant understands the consequences of waiving the right to a jury determination of the habitual felon indictment.

We agree and find that the circumstances in the case before us are similar to those in *State v. Williams*, 133 N.C. App. 326, 515 S.E.2d 80 (1999). In *Williams*, the defendant stipulated at trial that she had attained the status of being an habitual felon. Following the defendant's stipulation, the trial court established a record of the defendant's plea of guilty on the charge of being an habitual felon. Our Court held that the defendant "did in fact plead guilty to the habitual felon charge despite the fact that she did not expressly admit her guilt." *Id.* at 330, 515 S.E.2d at 83. *But see Gilmore*, 142 N.C. App. at 471, 542 S.E.2d at 699 (stating that although the defendant stipulated to habitual felon status, "such stipulation, in the absence of an inquiry by the trial court to establish a record of a guilty plea, is not tantamount to a guilty plea").

In this case, although defendant did not stipulate to the three prior convictions, he stated on the record and in his transcript of plea that upon his plea of no contest he understood he would be treated as guilty even though he did not expressly admit his guilt. Further, as we stated above, the trial court properly established a record of defendant's plea pursuant to N.C. Gen. Stat. § 15A-1022. This assignment of error is overruled.

VI.

[7] Defendant contends by his tenth and final assignment of error that the trial court erred in failing to arrest judgment on the larceny charge upon entering judgment to the charge of possession of stolen goods.

Our case law is clear that although larceny and possession of stolen property are "two separate and distinct offenses," the General Assembly did not intend to punish a defendant "for both receiving and possession of the same stolen property." *State v. Perry*, 305 N.C. 225, 234-36, 287 S.E.2d 810, 816-17 (1982). However, because defendant was not punished for both the convictions of felonious larceny and felonious possession of stolen goods, this argument is without merit. This assignment of error is overruled.

No error.

Judges GREENE and THOMAS concur.