HUNTER, Judge.
On 25 September 2000, a jury found Steve Allen Sprouse ("defendant") guilty of felonious breaking and entering, and defendant through counsel then admitted his habitual felon status. The trial court sentenced defendant to a term of 135 to 171 months imprisonment as a class C felon at prior record level VI. Defendant appealed, and this Court found no error. State v. Sprouse, 149 N.C. App. 490, 562 S.E.2d 470 (2002) (unpublished).
On or about 25 November 2002, defendant filed a motion for appropriate relief with the trial court. Judge Zoro J. Guice, Jr. denied the motion on 31 January 2003, and defendant sought review of the trial court's order by filing a petition for writ of certiorari with this Court. On 13 June 2003, this Court allowed the petition for the limited purpose of vacating the trial court's order, and the matter was remanded for an evidentiary hearing to determine defendant's prior record level. At the hearing on 9 July 2003, Judge Ronald K. Payne found that defendant had eighteen prior record points and a prior record level of V. After finding that the mitigating factors outweighed the aggravating factors, Judge Payne imposed a mitigated range sentence of 90 to 117 months imprisonment. In accordance with the provisions of N.C. Gen. Stat. § 14-7.6 (2003), the trial court directed that the sentence be served at the expiration of any sentence which defendant was obligated to serve. From the trial court's judgment, defendant appeals.
Defendant first contends the trial court failed to follow the mandate of this Court's order which remanded the matter for an evidentiary hearing to determine his prior record level. He argues the trial court exceeded the scope of its jurisdiction by directing that his sentence be served consecutively. We disagree.
As an initial matter, defendant does not challenge the trial court's determination of his prior record level. Nor does he contest the term of the sentence imposed, which is the lowest possible mitigated range sentence for an habitual felon enhancement (class C) of his breaking and entering offense at prior record level V. See N.C. Gen. Stat. § 15A-1340.16 (2003). Although defendant argues the trial court erred by directing in its judgment that the sentence was to be served consecutively, defendant was sentenced in accordance with N.C. Gen. Stat. § 14-7.6 (sentencing of habitual felons). The statute requires that "[s]entences imposed under this Article shall run consecutively with and shall commence at the expiration of any sentence being served by the person sentenced under this section." N.C. Gen. Stat. § 14-7.6. The trial court properly complied with the statutory mandate in its judgment. This assignment of error is overruled.
In his second argument, defendant attempts to challenge his sentencing as an habitual felon. Defendant, however, failed to raise this issue in his appeal of right from the 25 September 2000 judgment. See Sprouse, 149 N.C. App. 490, 562 S.E.2d 470. When he first sought to raise the issue in his motion for appropriate relief dated 25 November 2002, it was procedurally barred as a result of his failure to raise the issue in his appeal of right. See N.C. Gen. Stat. § 15A-1419(a)(3) (2003).
Defendant's appeal is from the judgment entered on 9 July 2003. The trial court did not address defendant's attainment of the status of an habitual felon, but simply resentenced him after correcting his prior record level. Defendant therefore cannot challenge his habitual felon status in the present appeal. See N.C.R. App. P. 4 and 10. Nor can defendant properly raise the issue in the motion for appropriate relief which he filed with this Court on 9 September 2004. He unsuccessfully argued the issue in his motion for appropriate relief filed with the trial court on 25 November 2002 and in the petition for writ of certiorari filed with this Court. Other than directing the correction of defendant's prior record level, this Court in addressing his petition for writ of certiorari did not grant him any further relief from the trial court's 31 January 2003 order which denied his motion for appropriate relief. See State v. Benfield, 76 N.C. App. 453, 459, 333 S.E.2d 753, 756 (1985) (subsequent panel of the same court is bound by prior panel's denial of certiorari as to same issues). Defendant's motion for appropriate relief filed on 9 September 2004 is therefore denied, and defendant's second assignment of error is dismissed.
No error.
Judges ELMORE and STEELMAN concur.
Report per Rule 30(e).