STATE OF NORTH CAROLINA v. DOUGLAS ATKINS

No. 8127SC1113

(Filed 6 April 1982)

**Burglary and Unlawful Breakings § 5.1; Criminal Law § 60.5— insufficiency of fingerprint evidence**

Evidence that defendant's fingerprint was found on an air conditioner which had been removed from the outside wall of a pawn shop during a breaking and entering of the shop was insufficient to support the conviction of defendant for breaking and entering the pawn shop where there was no other evidence tending to connect defendant with the crime, and there was substantial evidence that defendant had been lawfully in or around the building in which the pawn shop was located at times other than when the crime was committed.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 10 July 1981 in Superior Court, GASTON County. Heard in the Court of Appeals 11 March 1982.

Defendant appeals from a judgment of imprisonment entered upon a conviction for breaking and entering.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General James C. Gulick, for the State.*

*Robert W. Clark, Assistant Public Defender, for defendant appellant.*

WHICHARD, Judge.

The dispositive issue is whether the court erred in denying defendant's motion to dismiss. We hold that it did.

Defendant was charged with feloniously breaking and entering a building occupied by The Pawn Shop of Gastonia, Inc., and with felonious larceny of personal property therefrom. The State's evidence showed the following:

An employee who closed The Pawn Shop on 10 March 1981 observed that the air conditioner in the rear wall was in place when she departed. The next morning one of the owners noticed a hole where the air conditioner had been, and he subsequently saw the air conditioner on the ground outside the building. He also observed a hole in a partition between two rooms in the back of the building. An inventory revealed that property belonging to the Shop worth approximately $12,000 was missing. A hardware store had been located in the building until The Pawn Shop had moved in approximately one week before the breaking, and it had used the same air conditioner.

A police officer who qualified without objection as a fingerprint expert dusted the air conditioner and many areas inside the store for latent fingerprints. He secured fingerprints from the bottom left of the air conditioner, which would have been outside the building had the air conditioner been installed in the hole, which prints matched those subsequently taken from defendant. He had no way to determine exactly how long the prints had been on the air conditioner.

Defendant told another police officer that he had gone to The Pawn Shop on 23 February 1981 and had pawned a silver quarter. He also told this officer he had not been to The Pawn Shop since then, and that he did not remove an air conditioner there.

Defendant testified in his own behalf as follows: He lived about a block and a half from The Pawn Shop. In the past he had helped a man who ran the hardware store when it was in the building to which The Pawn Shop had moved. His work consisted of cleaning up behind the building. There was an air conditioner in the back wall when he was working there. He did not remember touching its bottom left hand side, but he could have done so. He worked there "in early February or late January," and a man named Ernest paid him. He did not steal, or assist anyone in stealing, from The Pawn Shop.

Ernest Clemmons testified on rebuttal for the State that he was employed by the hardware store; that defendant had worked there in May, 1980; but that to the best of his knowledge defendant had not been employed by the store in January or February, 1981. Defendant had asked him for a job in January or February, 1981, but he did not have any work for him.

The standard for determining the sufficiency of fingerprint evidence to withstand a motion to dismiss has been stated as follows:

[T]estimony by a qualified expert that fingerprints found at the scene of the crime correspond with the fingerprints of the accused, when accompanied by substantial evidence of circumstances from which the jury can find that the fingerprints could only have been impressed at the time the crime was committed, is sufficient to withstand motion for nonsuit and carry the case to the jury. The soundness of the rule lies in the fact that such evidence logically tends to show that the accused was present and participated in the commission of the crime.

What constitutes substantial evidence is a question of law for the court. What the evidence proves or fails to prove is a question of fact for the jury.

*State v. Miller*, 289 N.C. 1, 4, 220 S.E. 2d 572, 574 (1975). In *Miller* one of the factors on the basis of which the Supreme Court held

the motion to dismiss was properly denied was that "[t]here [was] no evidence whatsoever that defendant was *lawfully* in or around the [building in question] at any time." *Miller* at 6, 220 S.E. 2d at 575. Here, by contrast, there was substantial evidence that defendant had been lawfully in or around the building in which The Pawn Shop was located at times other than when the offenses charged were committed.

In *State v. Irick*, 291 N.C. 480, 492, 231 S.E. 2d 833, 841 (1977), our Supreme Court observed that the fact, standing alone, that a fingerprint of defendant there had been found on the inside frame of a window, through which items had been removed from a burglarized house, did not constitute the requisite " 'substantial' evidence that the print could have only been impressed at the time of the alleged burglary." *See also State v. Scott*, 296 N.C. 519, 251 S.E. 2d 414 (1979).

Here, too, the fingerprint evidence stood alone. It was not "accompanied by substantial evidence of circumstances from which the jury [could] find that the fingerprints could only have been impressed at the time the crime was committed . . . ." *Miller* at 4, 220 S.E. 2d at 574. No other evidence tended in any way to connect defendant to the offenses charged. Hence, judged by the standard of the foregoing cases, the evidence was insufficient to withstand the motion to dismiss.

The judgment is therefore vacated, and the cause is remanded to the trial court for entry of judgment of dismissal.

Vacated and remanded.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.