STATE OF NORTH CAROLINA v. BRIAN KEITH GILMORE

No. COA00-21

(Filed 20 March 2001)

## 1. Burglary and Unlawful Breaking or Entering; Larceny—motion to dismiss—sufficiency of evidence

Although defendant failed to make a motion to dismiss the charges of breaking or entering or larceny at the close of the State's evidence or at the close of all the evidence to preserve the issue of the sufficiency of the evidence of these charges for appellate review, the Court of Appeals exercised its discretionary authority under N.C. R. App. P. 2 to conclude that the charges against defendant as to the break-in at a golf store should have been dismissed because: (1) the State did not present any evidence, other than fingerprint evidence, that defendant was the perpetrator of the break-in; (2) defendant was a customer in the store near or on the day of the break-in; (3) defendant's print may have been impressed on the glass prior to the time the crime was committed; and (4) there are no additional circumstances tending to show defendant's fingerprint was impressed at the time of the break-in.

## 2. Sentencing— habitual felon—stipulation to habitual felon status—issue not submitted to jury—no guilty plea

The trial court erred by sentencing defendant as an habitual felon in case number 98 CRS 10830 when this issue was not sub-

mitted to the jury and the record does not show defendant pleaded guilty to being an habitual felon under N.C.G.S. § 14-7.5, because although defendant did stipulate to his habitual felon status, such stipulation, in the absence of an inquiry by the trial court to establish a record of a guilty plea, is not tantamount to a guilty plea.

Appeal by defendant from judgments dated 18 August 1999 by Judge W. Erwin Spainhour in Moore County Superior Court. Heard in the Court of Appeals 13 February 2001.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Lars F. Nance, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Anne M. Gomez, for defendant-appellant.*

GREENE, Judge.

Brian Keith Gilmore (Defendant) appeals judgments dated 18 August 1999, entered after a jury rendered a verdict finding him guilty of two counts of felonious breaking or entering, two counts of felonious larceny, and one count of felonious possession of stolen property.[1] Additionally, Defendant appeals a judgment dated 18 August 1999, finding him guilty of being an habitual felon.

The State presented evidence at trial, in pertinent part, regarding the 23 October 1998 break-in at Carolina Custom Golf, a business located in Southern Pines. Terry Ward (Ward), the assistant manager of Carolina Custom Golf, testified that on 23 October 1998, he received a telephone call from an alarm company that an alarm had gone off at Carolina Custom Golf. He testified Carolina Custom Golf is a store containing clothing, golf clubs, and other items, as well as a driving range. The store contains a "three foot by three foot square" window overlooking the driving range and, from the inside of the

---

1. Defendant was convicted of one count of felonious breaking or entering, one count of felonious larceny, and being an habitual felon relating to a break-in at Carolina Custom Golf (99 CRS 2727). Additionally, Defendant was convicted of one count of breaking or entering, one count of felonious larceny, one count of felonious possession of stolen property, and being an habitual felon relating to a break-in at Match Play (98 CRS 10830). Although Defendant gave notice of appeal from all of these convictions, Defendant does not set forth in his brief to this Court any assignments of error relating to the convictions based on the break-in at Match Play other than the habitual felon conviction. Any assignments of error regarding these convictions, other than the habitual felon conviction, are, therefore, deemed abandoned. N.C.R. App. P. 28(b)(5).

store, the window is located behind the cash register. When Ward arrived at the store, he noticed this window was broken, debris was scattered around the window seal, and "a lot of broken glass" was inside the window. Ward and his staff conducted an examination of the premises to determine if any items were missing. They discovered that the missing items included a "Tiger Wood[s] collection of Nike shirts." The total value of the missing items was approximately $600.00 to $700.00.

Ward testified he saw Defendant in Carolina Custom Golf on or around the day of the break-in. Ward saw Defendant at the putting green located inside the store, and he noticed Defendant because Defendant "had a larger coat on and[,] for October[,] it was a warm day and [Ward] couldn't understand why anybody would have a large coat on." Ward asked Defendant if he could help him, and Defendant responded that he was looking for a golf putter. Defendant left the store a short time later without making any purchases at the store. Defendant entered and exited the store through the front door, and Ward did not see Defendant anywhere near the driving range portion of Carolina Custom Golf. Further, Ward did not see Defendant at either the inside or the outside of the window that was subsequently used to gain entry into the store. After Defendant's departure, Ward found papers in the parking lot that he later discovered had Defendant's name on them.

Michael Campbell (Campbell), a patrol officer with the Southern Pines Police Department, testified he responded to the break-in call at Carolina Custom Golf on 23 October 1998. Campbell testified he was the first officer to arrive at the scene and several other officers subsequently arrived, including Darren Ritter (Ritter). Ritter dusted the broken window for fingerprints and he "located some prints on the window and took them with some evidence and sealed them and handed them to [Campbell]." Campbell testified he did not know the exact place on the window that was dusted for prints.

Ritter testified regarding the process he used to lift the prints discovered while investigating the robbery of Carolina Custom Golf. He stated one print was lifted from a piece of broken glass located on the floor inside the store, one print was lifted from the store's outside windowsill, and one print was lifted from a piece of broken glass located outside the store. The source of the broken glass was from the window used to gain entry into the store. Ritter never determined from the glass located outside the store whether the print taken was made on either the inside or the outside portion of the window.

Leonard Parker (Parker), a special agent with the North Carolina State Bureau of Investigation (SBI), testified he was assigned to do a print comparison of three prints sent to the SBI by the Southern Pines Police Department in connection with the Carolina Custom Golf break-in. Parker was asked to compare the three unknown prints, which included two fingerprints and one palm print, with known prints of Defendant. He determined, based on his comparisons, that the unknown print taken from a piece of glass located outside the store matched a known print of Defendant; one unknown print "was not of sufficient quality to be identifiable"; and the unknown palm print did not match Defendant's known palm print.

At the close of the State's evidence, Defendant made a motion "to argue to the jury the maximum punishment [he] could receive in this matter under the parameters of habitual felon, the elevated status it's going to give this case, if [Defendant] is convicted." The trial court denied the motion. Defendant did not offer evidence at trial. Also, Defendant did not make a motion to dismiss the charges at the close of the State's evidence or at the close of all the evidence.

After its deliberations, the jury found Defendant guilty of felonious breaking or entering and felonious larceny as to the Carolina Custom Golf break-in.

Subsequent to the rendering of these verdicts, Defendant brought a motion to dismiss the charge of being an habitual felon on the ground the North Carolina Habitual Felon Act violates Article I, Section 6 of the North Carolina Constitution (separation of powers). The trial court denied the motion. Defense counsel then stated Defendant "would stipulate to the status of habitual felon." The trial court then proceeded to question Defense counsel regarding whether Defendant stipulated to felony convictions dated 30 September 1993, 18 August 1994, and 30 October 1995, and Defense counsel responded that Defendant did stipulate these convictions occurred. The trial court sentenced Defendant based on the verdicts returned by the jury and as an habitual felon.

---

The issues are whether: (I) the record contains substantial evidence Defendant was the perpetrator of the breaking or entering and larceny at Carolina Custom Golf; and (II) Defendant was properly sentenced as an habitual felon when Defendant had not pleaded guilty to being an habitual felon and that issue was not submitted to the jury.

I

**[1]** Defendant argues the record does not contain substantial evidence Defendant was the perpetrator of the breaking or entering and larceny at Carolina Custom Golf. Specifically, Defendant contends evidence Defendant's fingerprint was found at the scene of the crimes, standing alone, does not constitute substantial evidence Defendant was present at the time the crimes were committed. We agree.

Initially, we note Defendant did not make a motion to dismiss the charges of breaking or entering or larceny at the close of the State's evidence or at the close of all the evidence; thus, Defendant has not preserved for appellate review the issue of the sufficiency of the evidence of these charges. N.C.R. App. P. 10(b)(3). Nevertheless, pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure, we address Defendant's argument. *See* N.C.R. App. P. 2 (Rules of Appellate Procedure may be suspended to "prevent manifest injustice to a party"); *State v. Myers*, 123 N.C. App. 189, 195, 472 S.E.2d 598, 602 (1996) (Rule 10(b)(3) suspended pursuant to Rule 2 when the defendant failed to make motion to dismiss at close of evidence).

A motion to dismiss is properly denied if "there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). "When ruling on a motion to dismiss, all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998).

Generally, fingerprint evidence is admissible to prove the identity of the perpetrator of a crime. *State v. Irick*, 291 N.C. 480, 488-89, 231 S.E.2d 833, 839 (1977). "Fingerprint evidence, standing alone, [however,] is sufficient to withstand a motion [to dismiss] only if there is '*substantial* evidence of circumstances from which the jury can find that the fingerprints could only have been impressed at the time the crime was committed.' " *Id.* at 491-92, 231 S.E.2d at 841 (quoting *State v. Miller*, 289 N.C. 1, 4, 220 S.E.2d 572, 574 (1975)). Evidence of such circumstances include, but are not limited to, "statements by the defendant that he had never been on the premises," "statements by

prosecuting witnesses that they had never seen the defendant before or given him permission to enter the premises," and "the discovery of the fruits of the crime in [the defendant's] possession." *Id.* at 492, 231 S.E.2d at 841; *State v. Scott*, 296 N.C. 519, 523, 251 S.E.2d 414, 417 (1979). Whether there is substantial evidence the fingerprints "could only have been impressed at the time the crime was committed" is a question of law. *Scott*, 296 N.C. at 523, 251 S.E.2d at 417.

In this case, the State presented evidence Defendant's fingerprint was present on a piece of glass from the broken window, which was located on the ground outside the store. The State presented evidence the outside portion of the window was accessible to the public, and Ritter, who lifted the print, did not determine whether the print was made on the inside or outside portion of the window glass. Additionally, the State presented evidence Defendant was a customer in the store near or on the day of the break-in. This evidence shows Defendant was lawfully present in the store prior to the break-in; therefore, Defendant's print may have been impressed on the glass prior to the time the crime was committed. Moreover, there are no additional circumstances tending to show Defendant's fingerprint was impressed at the time of the break-in.[2] The fingerprint evidence, therefore, is not substantial evidence Defendant was the perpetrator of the break-in at Carolina Custom Golf. *See State v. Atkins*, 56 N.C. App. 728, 730-31, 289 S.E.2d 602, 603-04 (1982) (fingerprint evidence alone, in the absence of other evidence tending to "connect defendant to the offenses charged," is insufficient to withstand a motion to dismiss when evidence shows defendant was lawfully on the premises in and around the building that was broken into prior to the break-in); *State v. Bass*, 303 N.C. 267, 272-74, 278 S.E.2d 209, 213-14 (1981) (evidence defendant's prints were present on window screen frame that was subsequently broken into is insufficient to withstand motion to dismiss when evidence shows defendant was on premises three or four weeks prior to break-in). As the State did not present any evidence, other than the fingerprint evidence, that Defendant was the perpetrator of the break-in at Carolina Custom Golf, the charges against Defendant as to the break-in at Carolina Custom Golf should have been dismissed. Accordingly, Defendant's convictions for felo-

---

2. The State argues in its brief to this Court that circumstances tending to show Defendant's print was impressed at the time of the break-in include Defendant's possession of the fruits of the crime, the fact that customers do not have access to the inside portion of the window because it is located behind the counter, and the fact that documents with Defendant's name on them were found in the parking lot. We disagree. The record does not contain any evidence Defendant possessed goods stolen from

nious breaking or entering and felonious larceny as to the break-in at Carolina Custom Golf are reversed.[3]

## II

[2] Defendant argues the trial court erred by sentencing Defendant as an habitual felon as to case number 98 CRS 10830 because this issue was not submitted to the jury and the record does not show Defendant pleaded guilty to being an habitual felon. We agree.

The proceedings for determining whether a defendant is an habitual felon "shall be as if the issue of habitual felon were a principal charge." N.C.G.S. § 14-7.5 (1999). Under section 14-7.5, the issue of whether a defendant is an habitual felon is submitted to the jury. *Id.* A defendant may, in the alternative, enter a guilty plea to the charge of being an habitual felon. *See State v. Williams*, 133 N.C. App. 326, 330, 515 S.E.2d 80, 83 (1999).

In this case, the record shows Defendant stipulated to the three prior convictions alleged by the State, pursuant to N.C. Gen. Stat. § 14-7.4. N.C.G.S. § 14-7.4 (1999) ("[a] prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction"). The issue of whether Defendant was an habitual felon, however, was not submitted to the jury, and Defendant did not plead guilty to being an habitual felon. Although Defendant did stipulate to his habitual felon status, such stipulation, in the absence of an inquiry by the trial court to establish a record of a guilty plea, is not tantamount to a guilty plea. *See Williams*, 133 N.C. App. at 330, 515 S.E.2d at 83 (stipulation to habitual felon status tantamount to guilty plea when, subsequent to defendant's stipulation, the trial court asked defendant "questions to establish a record of her plea of guilty" and defendant "informed the court that she understood that her stipulations would give up her

---

Carolina Custom Golf; rather, the State presented evidence Defendant possessed goods stolen from Match Play. Also, the record does not contain any evidence the print impressed on the broken glass was impressed on the inside rather than the outside of the broken window, and the evidence shows customers have access to the outside portion of the window. Finally, evidence Defendant left documents at Carolina Custom Golf tends to show only that Defendant was at some time present at Carolina Custom Golf. As the record shows Defendant was present at the store as a customer prior to the break-in, his presence at the store is not substantial evidence his print was left at the scene at the time of the break-in.

3. Because we reverse Defendant's convictions as to the Carolina Custom Golf break-in, we need not address Defendant's argument in his brief to this Court that the trial court erred by instructing the jury on the doctrine of recent possession of stolen goods as to these charges.

right to have a jury determine her status as an habitual felon");
N.C.G.S. § 15A-1022(a) (trial court may not accept guilty plea without
first addressing defendant personally and making inquiries of defend-
ant as required by this statute). Accordingly, Defendant's habitual
felon conviction is reversed and remanded.[4]

Case No. 99 CRS 2727: Reversed.

Case No. 98 CRS 10830 (status as habitual felon): Reversed and
remanded.

Case No. 98 CRS 10830 (breaking or entering; felonious larceny;
felonious possession of stolen property): No error.

Judges McCULLOUGH and HUDSON concur.

---

4. Defendant argues in his brief to this Court that the North Carolina Habitual
Felon Act, N.C.G.S. §§ 14-7.1 to -7.12 (1999), violates Article I, Section 6 of the North
Carolina Constitution (separation of powers). Additionally, Defendant argues in his
brief to this Court that "THE TRIAL COURT ERRED BY DENYING DEFENDANT'S
MOTION TO ALLOW DEFENDANT TO INFORM THE JURY IN HIS CLOSING ARGU-
MENT IN THE TRIAL ON THE SUBSTANTIVE FELONIES OF DEFENDANT'S MAXI-
MUM SENTENCE IF CONVICTED AS AN HABITUAL FELON." Because this Court
rejected both of these arguments in *State v. Wilson*, 139 N.C. App. 544, 548, 533 S.E.2d
865, 868-69 (2000), *appeal dismissed and disc. review denied*,— N.C. ——, — S.E.2d
——, 2000 WL 33115423 (Dec. 27, 2000) (No. 437P00), these assignments of error are
overruled.