WYNN, Judge.
Defendant Robert Daniel Delk appeals from his conviction of common law robbery. Defendant argues the trial court erred (I) in denying his request to submit to the jury the lesser included offense of larceny from the person, (II) in sentencing the Defendant as an habitual felon with neither a finding by the jury nor a plea colloquy with the Defendant, and (III) in imposing a sentence of ninety-six to 125 months without parole, a sentence Defendant asserts is disproportionate to the severity of the offense. We conclude the trial court erred in sentencing Defendant as an habitual felon. Accordingly, the sentence as an habitual felon is reversed and remanded.
At trial the State presented evidence tending to show thatduring the evening of 20 July 1999, Nancy Little purchased groceries at a grocery store on North Fayetteville Street in Asheboro. As she removed the groceries from a shopping cart outside the store, a man came from behind, slipped his hand under the strap of her purse and yanked, twisting her arm. Little resisted by attempting to retain her grasp on her purse, but the man succeeded in taking it. The man ran and jumped into the passenger side of a van. Little sustained bruises to her arm as a result of the incident. The pocketbook contained a wallet containing credit cards, cash, and a cellular telephone. The wallet, without cash, and cellular telephone were subsequently returned to her.
Jeffrey Stanley, an employee of the grocery store, testified that at approximately 9:30 p.m. on 20 July 1999 he heard someone yelling for help. He looked out into the parking lot and saw a man tugging on Little's pocketbook. As he ran out of the store to help Little, he saw the man run and get into a white van. He recorded the van's license plate number and summoned law enforcement. Stanley identified Defendant as the person who took Little's pocketbook.
Greg McDaniel, an officer with the Liberty Police Department, testified that at approximately 10:30 p.m. on 20 July 1999, he made a traffic stop of a white mini-van with a burned-out headlight and a broken rear light. He conducted a license check and discovered the vehicle was one suspected of involvement in a robbery in Asheboro earlier that day. Officer McDaniel identified the driverof the vehicle as Defendant. He searched the vehicle and found a cellular telephone identified as an item taken in the Asheboro robbery. Arthur Heaton, an officer with the Asheboro Police Department, subsequently took a statement from Defendant in which he confessed to taking a purse from a woman at the grocery store on North Fayetteville Street in Asheboro. Defendant presented no evidence.
At the charge conference, the trial court denied Defendant's request for submission of the offense of misdemeanor larceny or, alternatively, larceny from the person. The trial court submitted to the jury the possible verdicts of guilty or not guilty of common law robbery. After the jury found Defendant guilty of common law robbery, Defendant moved to dismiss the habitual felon charge on the ground the indictment misstated dates of offenses. The trial court allowed the State's motion to amend the indictment to correct the dates of the offenses. The trial court then asked Defendant to stipulate to the dates of the offenses as amended. Defendant agreed to so stipulate. Defendant also stipulated that he committed the offenses. The trial court then immediately proceeded to conduct the sentencing hearing, sentencing Defendant to a minimum term of ninety-six months' active imprisonment, with a maximum term of 125 months. On 18 November 2003, this Court allowed Defendant's petition for a writ of certiorari to review the judgment.
Defendant contends the trial court erred by (I) refusing tosubmit the offense of larceny from the person, (II) failing to make an adequate record of a guilty plea to habitual felon status, and (III) imposing a sentence grossly disproportionate to the severity of the offense. We conclude the trial court erred in sentencing Defendant as an habitual felon. We otherwise find no error by the trial court.
I. Jury Instructions
Defendant contends the trial court erred by refusing to instruct the jury on the lesser offense of larceny from the person. We do not agree.
"If the State's evidence is sufficient to fully satisfy its burden of proving each element of the greater offense and there is no evidence to negate these elements other than the defendant's denial that he committed the offense, the defendant is not entitled to an instruction on a lesser offense." State v. Johnson, 317 N.C. 193, 205, 344 S.E.2d 775, 782 (1986). "The sole factor determining the judge's obligation to give such an instruction is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." State v. Wright, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981). To convict a defendant of common law robbery, the State must prove the (1) felonious, non-consensual taking of (2) money or personal property (3) from the person or presence of another (4) by means of force or placing in fear. State v. Hedgecoe, 106 N.C. App. 157, 161, 415 S.E.2d 777, 780 (1992). Larceny from the person is a lesser offense of common law robbery and contains all of theabove elements except for the requirement of force or violence. State v. Pickard, 143 N.C. App. 485, 491, 547 S.E.2d 102, 106, disc. review denied, 354 N.C. 73, 553 S.E.2d 210 (2001).
Here, the evidence is uncontradicted that the taking of Little's shoulder bag was perpetrated by force. Defendant yanked the bag and in the process of overcoming Little's resistance, twisted and bruised Little's arm. In the absence of any evidence to show the taking was not forcible, we hold the trial court properly refused to submit the offense of larceny from the person.
II. Status as an Habitual Offender
Defendant next contends the trial court failed to make an adequate record of Defendant's plea to habitual felon status. We agree that Defendant's habitual felon sentence is in error, and we therefore reverse and remand for re-sentencing.
In State v. Gilmore, 142 N.C. App. 465, 542 S.E.2d 694 (2001), the defendant stipulated to habitual felon status and to the convictions alleged in the habitual felon indictment. The trial court proceeded to sentence the defendant as an habitual felon. This Court held that a stipulation to habitual felon status "in the absence of an inquiry by the trial court to establish a record of a guilty plea, is not tantamount to a guilty plea." Id. at 471, 542 S.E.2d at 699. Accordingly, this Court reversed and remanded the habitual felon conviction. The facts of the present case are indistinguishable from Gilmore. The habitual felon conviction must therefore be reversed and remanded for the taking of a proper plea.
III. Sentencing
Defendant's remaining contention is that the sentence is grossly disproportionate to the crime. We decline to reach this contention as this issue may not recur after remand.
In the case number 99 CRS 130, Defendant's conviction of common law robbery, we find
No error.
In the case number 99 CRS 131, Defendant's conviction of habitual felon, is
Reversed and remanded.
Judges TYSON and GEER concur.
Report per Rule 30(e).