HUNTER, Judge.
Billy Ray Ponds, Jr. ("defendant") was charged with possession of cocaine. By a separate bill of indictment defendant was charged with attaining the status of habitual felon. The State's evidence tended to show that on 7 February 2003, Sergeant Jeff Starling of the Richmond County Sheriff's Department went to Room 107 of the Sunset Motel to investigate a report of illegal drug activity. Defendant answered the door and consented to a search of the room. In addition to defendant, two men and a woman were in the hotel room during the search, which yielded three crack pipes and a plastic bag containing a small amount of cocaine. When Sergeant Starling indicated that everyone in the room was going to jail,defendant stated that the drugs were his and that no one else needed to be arrested. Sergeant Starling placed defendant under arrest.
After the jury found defendant guilty of possession of cocaine, defendant, through counsel, pled guilty to being an habitual felon. The district attorney summarized defendant's prior convictions for the record. The trial court then proceeded to conduct the sentencing hearing, sentencing defendant to 110 months to 141 months imprisonment. Defendant appeals.
In his sole argument on appeal, defendant contends the trial court erred in sentencing him as an habitual felon because it failed to make an adequate record of his plea to habitual felon. We agree.
In State v. Gilmore, 142 N.C. App. 465, 542 S.E.2d 694 (2001), this Court held that a defendant's stipulation to habitual felon status "in the absence of an inquiry by the trial court to establish a record of a guilty plea, is not tantamount to a guilty plea." Id. at 471, 542 S.E.2d at 699. This Court noted that the trial court failed to address the defendant personally and conduct an inquiry required by N.C. Gen. Stat. § 15A-1022(a) to establish a record of a guilty plea and, therefore, reversed and remanded the habitual felon conviction. Id. Like Gilmore, the trial court here failed to establish a record that defendant's stipulation was a guilty plea. Accordingly, defendant's conviction of being an habitual felon is reversed and the case remanded for a new habitual felon hearing. No error as to defendant's conviction of possession of cocaine, Case No. 03CRS050524.
Reversed as to defendant's conviction of being an habitual felon, Case No. 03CRS004489.
Remanded for a new habitual felon hearing.
No error in part; reversed and remanded in part.
Judges ELMORE and STEELMAN concur.
Report per Rule 30(e).