ZACHARY, Judge.
 

 *102
 
 Leslie Jester (defendant) appeals from judgments entered upon his convictions for possession of stolen property, obtaining property by false pretenses, and having attained the status of an habitual felon. On appeal, defendant argues that the trial court erred
 
 *371
 
 by sentencing him as an habitual felon, by failing to correctly calculate his prior criminal record level, and by denying his motion to dismiss the charges of obtaining property by false pretenses and possession of stolen goods. Defendant also contends that he received ineffective assistance of counsel. We find no error in defendant's convictions for possession of stolen goods and obtaining property by false pretenses, or in the trial court's calculation of defendant's prior criminal record level. We conclude that the trial court erred by sentencing defendant as an habitual felon and vacate and remand for resentencing. We dismiss defendant's claim of ineffective assistance of counsel without prejudice to his right to file a motion for appropriate relief in the trial court.
 

 I. Factual and Procedural Background
 

 Craig Whaley is the owner of a building where he stored farming equipment and metal tools. On 31 July 2012, Mr. Whaley discovered that a large number of items were missing from the building. The next day Mr. Whaley located his missing property on the premises of Metal Recyclers of Whiteville ("Metal Recyclers"), a business that purchases scrap metal. Mr. Whaley testified that the total value of his property that was found at Metal Recyclers was in excess of $1000.00.
 

 Josh Holcomb, who was employed by Metal Recyclers in July 2012, testified that defendant came to Metal Recyclers on 31 July 2012, with metal items to sell. Metal Recyclers weighed and photographed the items, photographed defendant, copied defendant's driver's license, and took defendant's index finger fingerprint. In addition, defendant signed a document certifying that he was the owner of the items and acknowledging that he was being paid $114.00 for approximately 1200 pounds of steel equipment.
 

 Detective Rene Trevino of the Chadbourn Police Department testified that he was employed as a detective with the Columbus County Sheriff's Department in 2012. On 1 August 2012, Mr. Whaley reported to the Sheriff's Department that he had found stolen property belonging to him at Metal Recyclers. Detective Trevino obtained information identifying defendant as the person who had sold the items to Metal Recyclers. When defendant returned to Metal Recyclers later that day,
 
 *103
 
 he agreed to accompany Detective Trevino to the law enforcement center, where defendant waived his
 
 Miranda
 
 rights and gave a statement. Defendant told Detective Trevino that he had obtained the metal items from a white male. However, defendant was unable to provide the name of this person, did not affirmatively state that he had purchased the items from this man, and did not produce a receipt for any of the items. After speaking with defendant, Detective Trevino arrested defendant on charges of felony larceny and obtaining property by false pretenses.
 

 On 6 February 2013, defendant was indicted for possession of stolen property and obtaining property by false pretenses, and on 13 March 2013, defendant was indicted for having attained the status of an habitual felon. Defendant was tried before a jury at the 18 May 2015 criminal session of Columbus County Superior Court. On 20 May 2015, the jury returned verdicts finding defendant guilty of possession of stolen goods and obtaining property by false pretenses. Based on defendant's stipulation to having the status of an habitual felon, the trial court sentenced defendant to two consecutive prison sentences of 120 to 156 months. Defendant filed
 
 pro se
 
 notices of appeal on 22 May 2015 and 2 June 2015. Defendant's filings were procedurally defective, and on 15 March 2016, defendant's appellate counsel filed a petition for a writ of certiorari in order to obtain review of the merits of defendant's appeal. In our discretion, we grant defendant's petition for certiorari, and proceed to address the issues raised by defendant on appeal.
 

 II. Sentencing Defendant as an Habitual Felon
 

 Defendant argues first that the trial court erred by sentencing him as an habitual felon where the record does not show that his status as an habitual felon was submitted to the jury or that he entered a plea of guilty to having the status of an habitual felon. We agree.
 

 "A court may accept a guilty plea only if it is 'made knowingly and voluntarily.' A plea is voluntarily and knowingly made if
 
 *372
 
 the defendant is made fully aware of the direct consequences of his plea."
 
 State v. Russell
 
 ,
 
 153 N.C.App. 508
 
 , 511,
 
 570 S.E.2d 245
 
 , 248 (2002) (quoting
 
 State v. Wilkins
 
 ,
 
 131 N.C. App. 220
 
 , 224,
 
 506 S.E.2d 274
 
 , 277 (1998)) (citing
 
 Boykin v. Alabama
 
 ,
 
 395 U.S. 238
 
 ,
 
 89 S.Ct. 1709
 
 ,
 
 23 L.Ed.2d 274
 
 (1969) ). This requirement is codified in Chapter 15A of the General Statutes, which provides in relevant part that a trial judge "may not accept a plea of guilty or no contest from the defendant without first addressing him personally" and:
 

 (1) Informing him that he has a right to remain silent and that any statement he makes may be used against him;
 

 *104
 
 (2) Determining that he understands the nature of the charge;
 

 (3) Informing him that he has a right to plead not guilty;
 

 (4) Informing him that by his plea he waives his right to trial by jury and his right to be confronted by the witnesses against him;
 

 (5) Determining that the defendant, if represented by counsel, is satisfied with his representation; [and]
 

 (6) Informing him of the maximum possible sentence on the charge for the class of offense for which the defendant is being sentenced, including that possible from consecutive sentences, and of the mandatory minimum sentence, if any, on the charge....
 

 N.C. Gen. Stat. § 15A-1022(a) (2015). Proceedings to determine whether a criminal defendant has the status of an habitual felon "shall be as if the issue of habitual felon were a principal charge."
 
 N.C. Gen. Stat. § 14-7.5
 
 (2015). Accordingly, a trial court may not accept a defendant's plea of guilty to having the status of an habitual felon without complying with the requirements of N.C. Gen. Stat. § 15A-1022.
 
 See, e.g.,
 

 State v. Gilmore
 
 ,
 
 142 N.C.App. 465
 
 ,
 
 542 S.E.2d 694
 
 (2001) (holding that the trial court was required to comply with N.C. Gen. Stat. § 15A-1022 before accepting the defendant's plea to having attained the status of an habitual felon).
 

 In the present case, defendant argues that the trial court erred by sentencing him as an habitual felon without personally addressing him to make the inquiries required by N.C. Gen. Stat. § 15A-1022, having defendant execute a transcript of plea, or otherwise creating a record that defendant's plea was knowingly and voluntarily entered. Defendant cites
 
 Gilmore
 
 , in which we held that a defendant's stipulation, without more, does not establish a plea of guilty. In
 
 Gilmore
 
 , as in the instant case, the defendant stipulated to his status as an habitual felon, based upon his convictions for the predicate offenses. The trial court sentenced the defendant as an habitual felon based on his stipulation, without conducting a colloquy addressing the requirements of N.C. Gen. Stat. § 15A-1022 or having the defendant execute a plea transcript. We held that:
 

 In this case, the record shows Defendant stipulated to the three prior convictions alleged by the State, pursuant to
 
 N.C. Gen. Stat. § 14-7.4
 
 .... The issue of whether Defendant was an habitual felon, however, was not submitted to
 
 *105
 
 the jury, and Defendant did not plead guilty to being an habitual felon. Although Defendant did stipulate to his habitual felon status,
 
 such stipulation, in the absence of an inquiry by the trial court to establish a record of a guilty plea, is not tantamount to a guilty plea....
 
 [
 
 See
 
 ] N.C.G.S. § 15A-1022(a) (trial court may not accept guilty plea without first addressing defendant personally and making inquiries of defendant as required by this statute). Accordingly, Defendant's habitual felon conviction is reversed and remanded. (emphasis added).
 

 Gilmore
 
 ,
 
 142 N.C.App. at 471-72
 
 ,
 
 542 S.E.2d at 699
 
 . In this case, as in
 
 Gilmore
 
 , the defendant stipulated to his status as an habitual felon and to his prior convictions for the predicate felonies, as indicated in the following dialogue between defendant and the trial court:
 

 THE COURT: All right. Madam Court Reporter, we are back on the record in Mr. Jester's case. And as I understand it, Mr. Williamson, your client is-has agreed to stipulate to his status as a habitual felon. Is that correct?
 

 MR. WILLIAMSON: Your Honor, in an effort to expedite things, ... [Mr. Jester]
 

 *373
 
 is prepared to stipulate and to-take his medicine as we would say.
 

 THE COURT: Is that correct, Mr. Jester?
 

 MR. JESTER: [Nods affirmatively].
 

 THE COURT: Okay. All right. Gentlemen, thank you, very much. We are ready to proceed with sentencing in this case. And Mr. McGee, the Court will hear from the State.
 

 ...
 

 THE COURT: All right. Thank you, very much. Mr. Jester, you understand, do you not, that you have been indicted as a habitual felon with regard to this case? You understand that?
 

 MR. JESTER: Yes, sir. I do.
 

 THE COURT: You also understand that you are admitting to the convictions that have been recited in the record based on the indictment that has been handed down? You understand that?
 

 *106
 
 MR. JESTER: Yes, sir, Your Honor.
 

 THE COURT: Do you also stipulate, sir, that these convictions are true and accurate?
 

 MR. JESTER: Yes, sir.
 

 THE COURT: Do you also stipulate, sir, that, based on these convictions, that you are indeed of a habitual felon status?
 

 MR. JESTER: Yes, sir, I do.
 

 THE COURT: All right. And you also understand, do you not, sir, that, because of your status as a habitual felon, that your exposure with regard to the offense for which you have just been found guilty of by the jury that your sentence exposure increases with regard to your admitting or stipulating to being a habitual felon?
 

 MR. JESTER: Yes, sir.
 

 THE COURT: All right. And so you are hereby for the record agreeing and thereby stipulating that you are a habitual felon for purposes of sentencing in these two cases. Is that correct?
 

 MR. JESTER: Yes, sir.
 

 THE COURT: Okay. All right. Thank you, very much. You may have a seat. And Mr. McGee, you may proceed.
 

 We conclude that this dialogue failed to comply with any of the requirements of N.C. Gen. Stat. § 15A-1022. Specifically, we note that:
 

 1. Although the trial court personally addressed defendant, the court did not make any of the inquiries required by N.C. Gen. Stat. § 15A-1022.
 

 2. The trial court did not inform defendant that he had a right not to plead guilty to being an habitual felon.
 

 3. The trial court did not inform defendant that by pleading guilty to having the status of an habitual felon, he was waiving his constitutional rights to have the charge determined by a jury and to cross-examine witnesses.
 

 4. The court did not inform defendant of the minimum and maximum sentence that he might receive, or the
 
 *107
 
 felony class under which he would be sentenced as an habitual felon.
 

 5. The court did not determine whether defendant was satisfied with his court-appointed counsel.
 

 6. The trial court did not state on the record that defendant was entering a plea of guilty, did not ask defendant if he was entering a plea of guilty, and did not have defendant execute a transcript of plea under oath.
 

 We conclude that this case is functionally indistinguishable from
 
 Gilmore
 
 , in that the record fails to establish either that defendant entered a plea of guilty to having the status of an habitual felon, or that the trial court complied with the requirements of N.C. Gen. Stat. § 15A-1022. As a result, we vacate defendant's conviction for being an habitual felon and remand for a new sentencing hearing.
 

 In reaching this conclusion, we have considered the State's arguments for a contrary result. The State argues the trial court's "failure to strictly comply with the provisions of N.C. Gen. Stat. § 15A-1022 is not reversible error
 
 per se
 
 , but must be evaluated upon a prejudice analysis." In support of this position, the State directs our attention to cases in which the record showed a relatively minor or technical omission from the requirements of N.C. Gen. Stat. § 15A-1022.
 

 *374
 
 It is true that where the record establishes, whether through a trial court's colloquy with a defendant or through the defendant's execution of a plea transcript, that the defendant was fully informed of his rights as required by N.C. Gen. Stat. § 15A-1022, we have required the defendant to establish that an insignificant or technical error by the trial court was prejudicial. For example, in
 
 State v. McNeill
 
 ,
 
 158 N.C.App. 96
 
 ,
 
 580 S.E.2d 27
 
 (2003), the record established that the defendant signed a plea transcript, was asked under oath by the trial court whether he understood the consequences of his plea of guilty, was informed of his rights, and was told the class of felony applicable to his sentences as well as the maximum number of months to which he could be sentenced for each offense. The defendant argued on appeal that the trial court had failed to comply with N.C. Gen. Stat. § 15A-1022, on the grounds that the court had not specified that if the defendant were sentenced to consecutive terms of imprisonment, he would receive a longer sentence than the maximum for each offense. We held that although the trial court's omission "was neither ideal nor preferable," the defendant had failed to establish prejudice.
 
 McNeill
 
 ,
 
 158 N.C.App. at 105
 
 ,
 
 580 S.E.2d at 32
 
 .
 

 *108
 
 In contrast, in
 
 Gilmore
 
 and similar cases, we have held that where there is no record of a valid plea of guilty, either from the trial court's questioning the defendant in accordance with N.C. Gen. Stat. § 15A-1022 or by means of a properly executed plea transcript, the plea must be vacated and the defendant resentenced. In such cases we have not required the defendant to produce evidence that he was prejudiced beyond the prejudice inherent in the court's failure to ensure that the defendant's plea was knowingly and voluntarily entered. The present case, like
 
 Gilmore
 
 , is one in which there is no record that the requirements of N.C. Gen. Stat. § 15A-1022 were met. Thus:
 

 We acknowledge the State's argument, based on this Court's decision in
 
 State v. Hendricks
 
 ,
 
 138 N.C.App. 668
 
 ,
 
 531 S.E.2d 896
 
 (2000), that where a defendant simply alleges technical non-compliance with G.S. § 15A-1022, but fails to show resulting prejudice, vacation of the plea is not required. However, in
 
 Hendricks
 
 , although the record failed to establish that the trial court itself personally addressed defendant as to all statutory factors as required by the statute, the record indicated the trial court did make some of the required inquiries, and further, the transcript of plea between the State and the defendant "covered all the areas omitted by the trial judge." ... In contrast,
 
 in this case, there is no indication in the record of compliance, even in part, with G.S. § 15A-1022 [.] ... [N]or does the record contain any transcript of plea[.] ... We believe such an absence constitutes more than mere "technical" noncompliance, and is sufficient to establish prejudice to defendant
 
 .
 

 State v. Glover
 
 ,
 
 156 N.C.App. 139
 
 , 146-47,
 
 575 S.E.2d 835
 
 , 839-40 (2003) (emphasis added) (quoting
 
 State v. Hendricks
 
 ,
 
 138 N.C.App. 668
 
 , 669-70,
 
 531 S.E.2d 896
 
 , 898 (2000) ). Accordingly, we conclude that defendant is entitled to a new sentencing hearing.
 

 III. Sentencing Defendant as a Prior Record Level IV
 

 Defendant argues next that the trial court erred by sentencing defendant as a prior record level IV, on the grounds that the State failed to present sufficient evidence to support this classification. We disagree.
 

 The Structured Sentencing Act requires that the trial court determine a defendant's prior record level pursuant to N.C. Gen. Stat. § 15A-1340.14 before sentencing a defendant for a felony conviction. Prior convictions may be proved by any of the following methods:
 

 *109
 
 (1) Stipulation of the parties.
 

 (2) An original or copy of the court record of the prior conviction.
 

 (3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
 

 (4) Any other method found by the Court to be reliable.
 

 N.C. Gen. Stat. § 15A-1340.14(f) (2015). This statute also provides that the "State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the
 
 *375
 
 same person as the offender named in the prior conviction." Defendant maintains that the State failed to meet this burden because it offered only a worksheet as evidence of defendant's prior criminal record. Defendant's argument is ill-founded.
 

 It is well established that defense counsel may be deemed to have stipulated to the worksheet of a defendant's prior convictions by counsel's failure to dispute or object to the worksheet coupled with counsel's use of the worksheet in his argument:
 

 [A] worksheet, prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions. Thus, the question here is whether the comments by defendant's attorney constitute a 'stipulation' to the prior convictions listed on the worksheet submitted by the State.
 

 State v. Eubanks
 
 ,
 
 151 N.C.App. 499
 
 , 505,
 
 565 S.E.2d 738
 
 , 742 (2002) (citing
 
 State v. Hanton
 
 ,
 
 140 N.C.App. 679
 
 , 689,
 
 540 S.E.2d 376
 
 , 382 (2000) ).
 

 In this case, during the sentencing hearing, the prosecutor stated the following:
 

 PROSECUTOR: Judge, in regard to sentencing, Mr. Jester is going to-I'm about to submit the worksheet which shows he's got 19 points for sentencing purposes, Your Honor. He's going to be a level six.
 

 His prior convictions, Judge, prior possession of stolen goods, a second-degree burglary, unauthorized use of a motor vehicle, simple possession of schedule IV controlled substance, assault by strangulation, B and E, three
 
 *110
 
 separate DWI's, an additional second-degree burglary, as well as a communicating threats. Mr. Jester has a lengthy criminal record, one that consists of similar crimes for which he has been charged with today and convicted of, spanning from 1982 forward to today....
 

 "[C]ounsel need not affirmatively state what a defendant's prior record level is for a stipulation with respect to that defendant's prior record level to occur."
 
 State v. Alexander
 
 ,
 
 359 N.C. 824
 
 , 830,
 
 616 S.E.2d 914
 
 , 918 (2005). In
 
 Alexander
 
 , our Supreme Court stated the following:
 

 Here, defense counsel did not expressly state that he had seen the prior record level worksheet; however, we find it telling that he specifically directed the trial court to refer to the worksheet to establish that defendant had no prior felony convictions. Defense counsel specifically stated that "up until this particular case he had no felony convictions, as you can see from his worksheet." This statement indicates not only that defense counsel was cognizant of the contents of the worksheet, but also that he had no objections to it. Defendant, by arguing that his trial counsel did not stipulate to his previous misdemeanor conviction, simply seeks to have his cake and eat it too. If defense counsel's affirmative statement with respect to defendant's lack of previous felony convictions was proper, then so too was the implicit statement that defendant's previous misdemeanor convictions were properly reflected on the worksheet in question.
 

 Similarly, in
 
 State v. Cromartie
 
 ,
 
 177 N.C.App. 73
 
 , 81,
 
 627 S.E.2d 677
 
 , 682-83 (2006), we discussed
 
 Alexander
 
 and held that:
 

 [T]rial counsel acknowledged the worksheet by making specific reference to it.... Then counsel proceeded to use the information contained in the worksheet to minimize defendant's prior record as being 'nonviolent.' Finally, at no time did trial counsel dispute any of the convictions on the worksheet. As our Supreme Court held in
 
 Alexander
 
 , defendant cannot "have his cake and eat it too." Defendant cannot use the worksheet during his sentencing hearing to seek a lesser sentence and then have his appellate counsel disavow this conduct on appeal in order to obtain a new sentencing hearing.
 

 *111
 
 (quoting
 
 Alexander
 
 ,
 
 359 N.C. at 830
 
 ,
 
 616 S.E.2d at 918
 
 , and citing
 
 Eubanks
 
 ,
 
 151 N.C.App. at 506
 
 ,
 
 565 S.E.2d at
 
 743 ). In the instant case, as in
 
 Alexander
 
 and
 
 Cromartie
 
 , defendant's counsel did not dispute the prosecutor's description of defendant's prior record, or raise any objection to the contents of the proffered worksheet. In addition, defense counsel referred to defendant's record during his sentencing argument:
 

 *376
 
 DEFENSE COUNSEL: Your Honor, if I could just briefly. I forgot to mention this. And this was something with Mr. Jester, his point of contention has always been-and this is his first trial.
 
 You see his record level? He has always stood up and taken accountability for the things he has done
 
 . As such, this is his first trial. He has always, by his contention, admitted and taken responsibility for his actions. This is the first time, and he still contends that he is not guilty of this, but he has always been accountable.
 
 And you can see from his record he hasn't committed any crimes within the-'06 was his last conviction, as far as I can tell. As such, he's been a good boy
 
 , and I would ask Your Honor to take that into consideration.
 

 (emphasis added). We conclude, pursuant to the holdings in
 
 Alexander
 
 and
 
 Cromartie
 
 , that defendant stipulated to the prior record as stated on the worksheet.
 

 Defendant also contends that the trial court erred by assigning points to three out-of-state convictions in defendant's criminal record. N.C. Gen. Stat. § 15A-1340.14(e) (2015) provides in relevant part that:
 

 Except as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony, or is classified as a Class 3 misdemeanor if the jurisdiction in which the offense occurred classifies the offense as a misdemeanor.... If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points....
 

 In this case, defendant challenges the trial court's calculation of prior record points assigned to three convictions from South Carolina for DWI, breaking and entering, and second-degree burglary. The
 
 *112
 
 convictions for breaking and entering and for second-degree burglary were treated as Class I felonies and assigned two points each. On appeal, defendant argues that the State was required to offer proof that breaking and entering and second-degree burglary are classified as felonies in South Carolina. As discussed above, we have held that defendant stipulated to the accuracy of the worksheet offered by the prosecutor, which includes the points assigned to the offenses. In
 
 State v. Hinton
 
 ,
 
 196 N.C.App. 750
 
 ,
 
 675 S.E.2d 672
 
 (2009), we held that if a defendant stipulates to his prior record and the prosecutor does not seek to assign a classification higher than the default Class I, the State is not required to prove that the out-of-state offenses correspond to equivalent North Carolina offenses:
 

 A sentencing worksheet coupled with statements by counsel may constitute a stipulation to the existence of the prior convictions listed therein. In this case, Defendant argues that the trial court's calculation of his prior record level was not supported by sufficient evidence to show that his out-of-state convictions were "substantially similar" to North Carolina offenses. Because Defendant's assertions at trial and failure to object to the sentencing worksheet constituted a stipulation to the existence of his prior convictions, we affirm his sentence....
 

 ...
 

 According to the statute, the default classification for out-of-state felony convictions is "Class I." Where the State seeks to assign an out-of-state conviction a
 
 more serious
 
 classification than the default Class I status, it is required to prove "by the preponderance of the evidence" that the conviction at issue is "substantially similar" to a corresponding North Carolina felony. However, where the State classifies an out-of-state conviction as a Class I felony, no such demonstration is required.
 

 Hinton
 
 ,
 
 196 N.C.App. at 751, 754-55
 
 ,
 
 675 S.E.2d at 673, 675
 
 . We hold that because defendant stipulated to his prior record and the prosecutor did not seek to assign a classification more serious than Class I to his out-of-state convictions for second-degree burglary and breaking and entering, the State was not required to offer proof that these offenses were considered felonies in South Carolina
 
 *377
 
 or that they were substantially similar to specific North Carolina felonies.
 

 Regarding the South Carolina DWI conviction, defendant argues that in the absence of proof that this offense was substantially similar
 
 *113
 
 to a North Carolina offense, the conviction should have been classified as a Class 3 misdemeanor with no points assigned to defendant's criminal record level. Assuming that defendant is correct, this would have resulted in defendant's having eighteen prior record points instead of nineteen points, and defendant would nonetheless have been classified as a Level VI offender. As a result, defendant has failed to establish prejudice arising from any error in classification of the South Carolina DWI conviction.
 

 Defendant also maintains that the trial court erred by assigning prior record points to two convictions that the record indicated were obtained on the same day. Defendant concedes that this situation is not a factual impossibility, and we again note that defendant stipulated to his prior record. We conclude that the trial court did not err in its calculation of defendant's prior record level and that defendant is not entitled to relief based on this argument.
 

 IV. Denial of Defendant's Motion to Dismiss
 

 Defendant argues next that the trial court erred by denying defendant's motion to dismiss the charges against him, on the grounds that the State failed to present sufficient evidence to submit the charges to the jury. We disagree.
 

 The standard of review regarding motions to dismiss is well settled:
 

 "When reviewing a defendant's motion to dismiss a charge on the basis of insufficiency of the evidence, this Court determines whether the State presented substantial evidence in support of each element of the charged offense. Substantial evidence is relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion. In this determination, all evidence is considered in the light most favorable to the State, and the State receives the benefit of every reasonable inference supported by that evidence.... [I]f there is substantial evidence-whether direct, circumstantial, or both-to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied."
 

 State v. Hunt
 
 ,
 
 365 N.C. 432
 
 , 436,
 
 722 S.E.2d 484
 
 , 488 (2012) (quoting
 
 State v. Abshire
 
 ,
 
 363 N.C. 322
 
 , 327-28,
 
 677 S.E.2d 444
 
 , 449 (2009) ).
 

 *114
 
 We first consider defendant's challenge to the evidence of possession of stolen property.
 
 N.C. Gen. Stat. § 14-71.1
 
 (2015) provides in relevant part that:
 

 If any person shall possess any chattel, property, money, valuable security or other thing whatsoever, the stealing or taking whereof amounts to larceny or a felony, either at common law or by virtue of any statute made or hereafter to be made, such person knowing or having reasonable grounds to believe the same to have been feloniously stolen or taken, he shall be guilty of a Class H felony....
 

 The elements of the crime of possession of stolen goods are: "(1) possession of personal property; (2) which has been stolen; (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen; and (4) the possessor acting with a dishonest purpose."
 
 State v. Perry
 
 ,
 
 305 N.C. 225
 
 , 233,
 
 287 S.E.2d 810
 
 , 815 (1982). In this case, defendant challenges the sufficiency only of the evidence that he knew or had reasonable grounds to believe that the metal items were stolen.
 

 "Whether the defendant knew or had reasonable grounds to believe that ... [property was] stolen must necessarily be proved through inferences drawn from the evidence."
 
 State v. Brown
 
 ,
 
 85 N.C.App. 583
 
 , 589,
 
 355 S.E.2d 225
 
 , 229 (1987) (citation omitted). "Our Supreme Court has held the legislature intended for the 'reasonable man' standard to apply to the offense of possession of stolen goods."
 
 State v. Weakley
 
 ,
 
 176 N.C.App. 642
 
 , 652,
 
 627 S.E.2d 315
 
 , 321 (2006) (citing
 
 State v. Parker
 
 ,
 
 316 N.C. 295
 
 , 304,
 
 341 S.E.2d 555
 
 , 560 (1986) ). "The fact that a defendant is willing to sell property for a fraction of its value is sufficient to give rise
 
 *378
 
 to an inference that he knew, or had reasonable grounds to believe, that the property was stolen."
 
 Brown
 
 ,
 
 85 N.C.App. at 589
 
 ,
 
 355 S.E.2d at 229
 
 .
 

 In this case, the evidence tended to show that defendant was in possession of stolen property valued at more than $1000.00, which he sold for only $114.00. Although defendant told Detective Trevino that he obtained the stolen property from a "white man," he could not provide the man's name. Defendant did not specifically tell Detective Trevino that he
 
 bought
 
 the items from this unidentified man, and did not produce a receipt. We hold that these circumstances were sufficient to allow the jury to determine whether defendant knew or had reasonable grounds to know that the metal items were stolen.
 

 Defendant also challenges the sufficiency of the evidence that he obtained property by false pretenses.
 
 N.C. Gen. Stat. § 14-100
 
 (a) (2015)
 

 *115
 
 provides in pertinent part that a person is guilty of the felony of obtaining property by false pretenses if he shall "by means of any kind of false pretense ... obtain or attempt to obtain from any person within this State any ... property ... with intent to cheat or defraud any person of such [property]...." Defendant argues that because there was no evidence that he knew or had reasonable grounds to believe that the metal items he sold were stolen, there was no basis for the jury to find that defendant's representation that he was authorized to sell the items was false. For the reasons discussed above, we conclude that there was sufficient evidence that defendant knew or had reasonable grounds to believe that the items were stolen, and that the trial court did not err by denying defendant's motion to dismiss this charge.
 

 V. Ineffective Assistance of Counsel
 

 Finally, defendant argues:
 

 Should this Court determine that trial counsel's brief comments at the sentencing hearing constitute a stipulation to Mr. Jester's prior record despite insufficient proof and no indication of Mr. Jester's assent, then Mr. Jester contends that he received ineffective assistance of counsel in his counsel's failure to challenge the insufficient proof of his prior convictions.
 

 Defendant is thus arguing that his counsel was ineffective for stipulating to the accuracy of the worksheet setting out his criminal record instead of challenging the proof of his prior convictions. "When raising claims of ineffective assistance of counsel, the 'accepted practice' is to bring these claims in post-conviction proceedings, rather than on direct appeal.... To best resolve this issue, an evidentiary hearing available through a motion for appropriate relief is our suggested mechanism."
 
 State v. Dinan
 
 ,
 
 233 N.C.App. 694
 
 , 700,
 
 757 S.E.2d 481
 
 , 486-87 (quoting
 
 State v. Dockery
 
 ,
 
 78 N.C.App. 190
 
 , 192,
 
 336 S.E.2d 719
 
 , 721 (1985) ),
 
 disc. review denied
 
 ,
 
 367 N.C. 522
 
 ,
 
 762 S.E.2d 203
 
 (2014). We dismiss this issue without prejudice to defendant's right to raise it in a motion for appropriate relief in the trial court.
 

 VI. Conclusion
 

 For the reasons discussed above, we conclude that defendant received a fair trial free of reversible error as to his convictions for possession of stolen property and obtaining property by false pretenses, as well as the calculation of his prior criminal record level. We conclude that the trial court erred in sentencing defendant as an habitual felon
 
 *116
 
 and vacate the judgment and remand for resentencing. We dismiss defendant's claim of ineffective assistance of counsel without prejudice to defendant's right to file a motion for appropriate relief in the trial court.
 

 NO ERROR IN PART, VACATED IN PART AND REMANDED FOR RESENTENCING, AND DISMISSED WITHOUT PREJUDICE IN PART.
 

 Judge STEPHENS and Judge McCULLOUGH concur.